**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

IN RE:                                      CHAPTER 11

    **PRIME SIX, INC.,**                 **CASE NO.: 1-15-42334-CEC**

      **DEBTOR.**

---

**THIRD AMENDED DISCLOSURE STATEMENT**

---

ALLA KACHAN, ESQ.
Attorney for Debtor, Prime Six, Inc.
3099 Coney Island Ave, 3rd Floor
Brooklyn, NY 11235
Tel: (718) 513-3145
Fax: (347) 342-3156
E-mail: alla@kachanlaw.com

**THIS IS NOT A SOLICITATION OF ACCEPTANCE OR
REJECTION OF THE PLAN. ACCEPTANCES OR
REJECTIONS MAY NOT BE SOLICITED UNTIL A
DISCLOSURE STATEMENT HAS BEEN APPROVED BY THE
BANKRUPTCY COURT. THIS DISCLOSURE STATEMENT
IS BEING SUBMITTED FOR CONDITIONAL APPROVAL BUT HAS
NOT BEEN APPROVED BY THE COURT.**

## A.    INTRODUCTION

Pursuant to Section 1125 of Title 11 of the United States Code (the "Bankruptcy Code"), Prime Six, Inc., the debtor and debtor-in possession (the "Debtor") provides this third amended Disclosure Statement ("Disclosure Statement")to all of its known creditors and other parties in interest in order to provide information deemed by the Debtor to be material and necessary to enable such creditors and parties in interest to make a reasonable informed decision in the exercise of their rights to vote on and participate in the Plan of Reorganization proposed by the Debtor (the "Plan"). The proposed Plan is annexed hereto as **Exhibit "A".**

The information contained in this Disclosure Statement is based on the representations made by the Debtor in its Petition and Schedules and all other documents provided to counsel for the Debtor and are believed to be accurate. It has not been subjected to a certified audit or independent review. Therefore, no representation or warranty is made as to its accuracy or completeness. However, the Debtor has reasonably endeavored to obtain and supply all material information. The Office of the United States Trustee has not yet reviewed and approved the Disclosure Statement. The Bankruptcy Court will conduct a hearing on the final approval of the Disclosure Statement.

**THE BANKRUPTCY COURT HAS SET AT _____ON _____AS THE DATE AND TIME OF THE HEARING FOR FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN AND OBJECTIONS THERETO, WHICH HEARING WILL BE HELD IN THE UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF NEW YORK, 271 CADMAN PLAZA EAST, BROOKLYN, NEW YORK 11201-1800.   CREDITORS OF AND HOLDERS   OF INTERESTS IN THE DEBTOR MAY ATTEND SUCH HEARING.**

THE BANKRUPTCY COURT HAS FIXED _____ AS THE DATE AND TIME BY WHICH ALL WRITTEN OBJECTIONS TO CONFIRMATION OF THE PLAN AND/OR THE DISCLOSURE STATEMENT SHALL BE FILED WITH THE BANKRUPTCY COURT AND SERVED SO AS TO BE RECEIVED BY SAID DATE UPON THE ATTORNEYS FOR THE DEBTOR AND THE UNITED STATES TRUSTEE.

A BALLOT ACCOMPANIES THIS DISCLOSURE STATEMENT FOR YOUR USE IN VOTING ON THE PLAN. IN ORDER TO BE CONFIRMED, THE PLAN MUST BE ACCEPTED BY A MAJORITY IN NUMBER AND TWOTHIRDS IN AMOUNT OF THOSE VOTING IN EACH CLASS IMPAIRED UNDER THE PLAN, EXCEPT TO THE EXTENT THAT THE PLAN MAY BE CONFIRMED NOTWITHSTANDING THE FAILURE TO OBTAIN SUCH ACCEPTANCE IN ACCORDANCE WITH SECTION 1129(b) OF THE BANKRUPTCY CODE.

YOU ARE URGED TO REVIEW THE PLAN, THIS DISCLOSURE STATEMENT, AND THE BALLOT WITH COUNSEL OF YOUR CHOICE. HOLDERS OF CLAIMS WHICH ARE IMPAIRED UNDER THE PLAN MAY VOTE TO ACCEPT OR REJECT THE PLAN BY COMPLETING, MAILINGAND/OR FAXING THE ENCLOSED BALLOT SO AS TO BE RECEIVED ON OR BEFORE _____ TO DEBTOR'S ATTORNEYS, AT THE ADDRESS, FAX NUMBER, AND/OR E-MAIL ADDRESS SET FORTH BELOW:

Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145
Fax: (347) 342-3156
e-mail: alla@kachanlaw.com

THE DEBTOR RECOMMENDS AND REQUESTS YOUR ACCEPTANCE OF THE PLAN.

Other than the information set forth in this Disclosure Statement, the Debtor has not authorized any person or entity to make representations concerning the Debtor, its business, their future income, the value of the Debtor's assets, or the amounts to be distributed under the Plan. Any representations or inducements made to secure your acceptance of the Plan which is other than as contained in this Disclosure Statement should not be relied upon by you in determining whether to accept or reject the Plan.

## B.    DEBTOR'S BACKGROUND

### (i)    Description of the Debtor and History of Debtor's Business

The Debtor is a corporation formed under the laws of the State of New York. Since December, 2011, the Debtor has been operating Prime Six, Inc., currently located at 242 Flatbush Avenue, Brooklyn, NY 11217.

### (ii)    Debtor's Insiders

**The sole insiders of the Debtor as defined by § 101(31) of the Bankruptcy Code are:** Akiva Ofshtein is the sole shareholder of the Debtor. There was no compensation paid to Mr. Ofshtein by the Debtor during the pendency of this Chapter 11 case or during the two years prior to the commencement of the Debtor's bankruptcy case.

### Management of the Debtor Before and During the Bankruptcy

During the two years prior to the date on which the bankruptcy petition was filed, and during the pendency of the Debtor's chapter 11 case, Mr. Ofshteyn was the sole officer, a n d director, of the Debtor. Various managers were employed by the Debtor for the two years prior to

the filing of the petition. Robert Petrosyants was employed as manager after the filing of the Chapter 11 case and throughout its' pendency.

### (iii)    Events Leading to Chapter 11 Filing

The Debtor is a restaurant located at 242 Flatbush Avenue, Brooklyn, NY 11217.

The reasons for the filing of the instant Chapter 11 proceeding by Prime Six, Inc. were brought about by a several concurrent causes. The Debtor's principal is an attorney engaged in a full time legal practice and is also the principal of several other businesses. Mr. Ofshtein hired a manager to conduct day to day affairs, which led to several reputable managers to conduct day to day affairs, whose poor management of the business finances led to accumulated tax debts, dafaults in lease payments and accumulating debts to vendors.

### C.    HISTORY

The Debtor commenced this proceeding by filing a voluntary petition in the United States Bankruptcy Court for the Eastern District of New York under Chapter 11 of the Bankruptcy Code, on May 20, 2015 (the "Petition Date").

On June 8, 2015 the Debtor filed a motion seeking the retention of Alla Kachan, Esq. as bankruptcy counsel for the Debtor.

By an Order of the Court dated June 12, 2015, Alla Kachan's retention was approved on behalf of the Debtor.

On June 8, 2015 the Debtor filed a motion seeking the retention of Wisdom Professional Services Inc. as bankruptcy accountant for the Debtor.

The supplemental affidavit of Michael Shtarkman was filed on September 21, 2015.

By an Order of the Court dated September 25, 2015, Wisdom Professional Services Inc. retention was approved on behalf of the Debtor.

Pursuant to Section 341 of the Bankruptcy Code, a meeting of creditors was held on July 17, 2015.

An order setting forth the last day to file proofs of claim was entered on June 1, 2015, scheduling the claims bar date as July 17, 2015 and scheduling claims filed by governmental units on or before November 16, 2015.

On September 13, 2015 Motion for Adequate Protection was Filed by United States of America, Department of the Treasury, Internal Revenue Service.

On October 8, 2015 Affirmation in Opposition to creditor United States of America's motion for abequate protection was filed by Debtor. The parties reached an agreement as to the amount of adequate protection, as set forth in the December 14, 2015 Stipulation and Order Regarding Use of Cash Collateral and other Collateral and Adequate Protection. The agreed upon monthly payment is $1,900.00.

### D.    PROJECTED RECOVERY OF AVOIDABLE TRANSFERS

The Debtor does not intend to pursue any preference, fraudulent conveyance, or other avoidance actions. The Debtor's sole insider Akiva Ofshtein did not received any wages during the relevant period of time.

### E.    PLAN FUNDING

The entity's reorganization plan is to maximize revenue by hiring one permanent manager, who received a year end incentive bonus and is theredore directly interested in the business's successful operation. Moreso, streamlining the business operations and cutting down on unnessasary staff and re- evaluation vendors to cut down costs. Increased marketing of weekly theme parties and events will allow the business to be less dependent on seasonal fluctuations.

Mr. Ofshtein will be making a monetary contribution for the new marketing expenses out of personal funds toward the which constitute new value, in order to retain his equity interest in Prime Six, Inc.

### F.    CLASSIFICATION, AMOUNT AND NUMBER OF CLAIMS

The Plan divides all Claims and Interests into the following Classes, plus Administrative, Priority Tax Claims and Statutory Fees.

### 1.    Administrative Claims

Administrative claims consist of the Debtor's duly retained professionals and any other administrative expenses allowed under Section 503 of the Bankruptcy Code.

Administrative Claims will include the fees and expenses of the Debtor's Counsel, Alla Kachan, Esq., in the approximate amount of $3,000.00 (through confirmation, exclusive of the pre-petition retainer received prior to the Petition Date in the amount of $12,000.00 from the Debtor).

Wisdom Professional Services Inc. asserts a claim for the fees and expenses as accountants for the Debtor, in the approximate amount of $5,000.00 (through confirmation, exclusive of the pre-petition retainer received prior to the Petition Date in the amount of $1,000.00 from the Debtor ).

Internal Revenue Service assets an administrative claim in the approximate amount of $1,365.98.

New York State department of taxation and Finance assets an administrative claim in the approximate amount of $18,191.77.

New York State Department of Labor assets an administrative claim in the approximate

amount of $24, 314.71.

The claims of Debtor's professionals shall be subject to final fees applications pursuant to Bankruptcy Code Section 330 and orders of the Court approving the fees and expenses as sought by this application. The Debtor estimates that the total administrative fees paid to professionals will equal to **$ 51,872.46.**

In order to confirm the Plan, it is necessary for the Debtor to satisfy the Administrative Claims in full at or before Confirmation or have the holder of each Administrative Claim agree to a different treatment.

### 2.    **Priority Claims**

Allowed Priority Tax claims devided in the following Classes:

**Class I** - Secured Priority Tax Claims:

(i)    Secured priority claim of New York State Department of Taxation and Finance in the amount of $268,288.98 comprising base taxes and accumulated interest;

(ii)    Secured priority claim of Internal Revenue Service in the amount of $100,000.00 comprising base taxes and accumulated interest;

**Class II** - Unsecured Priority Tax Claims:

(i)    Unsecured Priority claim of  the New York State Department of Taxation and Finance in the amount of $ 55,439.96 comprising base taxes and accumulated interest;

(ii)    Unsecured Priority claim of Internal Revenue Service in the amount of $ 249,238.91  comprising base taxes and accumulated interest;

**Class III** - Unsecured Priority Tax Claims:

(i)    New York State Department of Labor with a priority claim in the amount of $ 31,034.43;

(ii) NYC Department of Finance Bankruptcy and Assignment Unit with priority claim in the amount of $ 7,774.88;

3. In addition to Administrative, Priority, and general unsecured claims, there exist **statutory fees** due and payable by the Debtor to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) and any applicable interest thereon shall be paid in cash by the Effective Date. United States Trustee fees and any applicable interest thereon shall continue to be paid by the Debtor until the earlier of Debtor's case being closed by entry of a final decree, converted, or dismissed.

4. **Class IV** consists of the claims of general unsecured creditors in the Debtor's case totaling approximately $ 454,943.62.

5. **Class V** consists of the claims of disputed general unsecured creditors in the Debtor's case totaling approximately $603,597.84.

6. Akiva Ofshtein, the **Class VI** interest holder.

## G. REQUIREMENTS FOR CONFIRMATION OF THE PLAN

### 1. Confirmation Hearing

The Bankruptcy Court has set _____ as the date and time for a hearing to determine whether the Plan has been accepted by the requisite number of Creditors and whether the other requirements for confirmation of the Plan have been satisfied. Each Creditor will receive notice of the Confirmation Hearing.

### 2. Requirements for Confirmation

In order to confirm the Plan, Section 1129 of the Bankruptcy Code requires the Court to make a series of determinations concerning the Plan, including that:

a.      the Plan classifies Claims and Interests in a permissible manner;

b.      the Plan complies with the technical requirements of Chapter 11 of the Bankruptcy Code;

c.      the proponent of the Plan (here the Debtor) has proposed the Plan in good faith;

d.      the Plan proponent's disclosures concerning the Plan have been adequate and have included information concerning all payments and distributions to be made in connection with the Plan.

The Debtor believes that all of these conditions have been met or will be met by the time of the Confirmation Hearing, and the Debtor will seek a determination of the Court to this effect at the Confirmation Hearing.

### 3.      Acceptances Necessary for Confirmation

The Bankruptcy Code requires that the Plan be accepted by requisite votes of Creditors, except to the extent that "cram down" is available under Section 1129(b) of the Bankruptcy Code. The Bankruptcy Code requires that the Plan be feasible. Because the funds required for The Plan shall be provided from revenue derived from the business, the Debtor anticipates increasing its business volume by promoting special events in addition to the daily operations, enhancing Debtor's ability to make regular payments required under this Plan.

The Bankruptcy Code also requires that the Plan place each Creditor's Claim in a class with other Claims which are substantially similar. The Debtor believes that the classification system in the Plan meets the Bankruptcy Code's standard. Although the Court must independently conclude that the Plan's classification system is legally authorized, any Creditor who believes that the Plan has improperly classified any group of Claims may object to Confirmation of the Plan.

At the Confirmation Hearing, the Court must determine, among other things, whether the Plan has been accepted by each Class of Creditors who's Claims are impaired under the Plan.

Under Section 1126 of the Bankruptcy Code, any impaired Class is deemed to accept the Plan if it is accepted by at least two-thirds in amount and more than one-half in number of the Allowed Claims of Class members who have voted on the Plan. Further, unless there is unanimous acceptance of the Plan by an impaired Class, the Court must also determine that under the Plan, Class members will receive property of value as of the Effective Date of the Plan that is not less than the amount such Class members would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on the Effective Date. This requirement is commonly referred to as the "Best Interests Test."

**Chapter 7:**

To determine the value that the holders of Impaired Claims would receive if the Debtor was liquidated, the Bankruptcy Court must determine the dollar amount that would be generated from the liquidation of assets and properties of the Debtor in the context of a chapter 7 liquidation case. Section 704 of the Bankruptcy Code requires a chapter 7 trustee to collect and reduce to money the property of the estate as expeditiously as is compatible with the best interests of parties in interest. In the case of the Debtor, a chapter 7 trustee would be administrating an estate made up largely of the same Assets that are available for Creditors under the Plan. The Cash available for satisfaction of Allowed Claims would consist of the proceeds resulting from the disposition of assets of the Debtor, augmented by Cash, if any, held by the Debtor at the time of the commencement of the chapter 7 case. That Cash amount would then be reduced by the amount of any Claims secured by the assets, the costs and

expenses of the liquidation, and additional Administrative Claims and other Priority Claims that may result from the use of chapter 7 for the purposes of liquidation. The costs of liquidation under chapter 7 would include fees payable to the trustee in bankruptcy, as well as those that might be payable to his or her attorneys and to other professionals that the trustee may engage, plus any unpaid expenses incurred by the Debtor during the Chapter 11 Case that would be allowed in the chapter 7 cases, such as compensation for attorneys, accountants or other professionals and costs and expenses of the Debtor. These Administrative Claims would have to be paid in Cash, in full, from the liquidation proceeds before the balance of those proceeds could be made available to pay other Priority Claims and allowed General Unsecured Claims from the Chapter 11 Case. In a chapter 7 case, there would be no payment from any disposable income of the debtor after such conversion. Please see **Exhibit "B"**, Liquidation Analysis.

### 4.    Persons Entitled to Vote on the Plan

Only the votes of Classes who's Claims are impaired by the Plan will be counted in connection with Confirmation. Generally, this includes any Creditors who, under the Plan, will receive less than payment in full of the Allowed Amount of their Claims on the Effective Date.

In determining the acceptance of the Plan, votes will be counted only if submitted by a Creditor whose Claim is scheduled by the Debtor as undisputed, non-contingent, and liquidated or who timely filed with the Bankruptcy Court a proof of claim which has not been objected to or disallowed.

### 5.    Solicitation of Acceptances

This Disclosure Statement must be finally approved by the Court in accordance with

Section 1125 of the Bankruptcy Code and be provided to each Creditor whose Claim has been scheduled by the Debtor or who filed a proof of claim. This Disclosure Statement is intended to assist Creditors whose Claims are impaired in evaluating the Plan and in determining whether to accept or reject the Plan. Under the Bankruptcy Code, final approval of the Disclosure Statement means that this document sets forth "adequate information" as required by the Bankruptcy Code, and does not constitute a recommendation by the Court either for or against the Plan.

### 6.   How to Vote

A form of Ballot is being provided to the members of Classes I, II, IV and V by which Creditors in those Class may vote to either accept or reject the Plan. To vote on the Plan, please complete the enclosed Ballot by (1) indicating that you either accept or reject the Plan and (2) signing your name and mailing the Ballot.

**BALLOTS MUST BE COMPLETED, SIGNED AND MAILED SO AS TO BE RECEIVED BY DEBTOR'S COUNSEL NO LATER THAN 5:00 STANDARD TIME ON_____ AT THE FOLLOWING ADDRESS OR THEY WILL NOT BE COUNTED:**

> Law Offices of Alla Kachan,P.C.
> 3099 Coney Island Avenue, 3rd Floor
> Brooklyn, NY 11235

**IF YOUR BALLOT IS NOT PROPERLY COMPLETED, SIGNED AND RECEIVED AS DESCRIBED, IT WILL NOT BE COUNTED. IF YOUR BALLOT IS DAMAGED OR LOST, YOU MAY REQUEST A REPLACEMENT BY ADDRESSING A WRITTEN REQUEST TO THE ADDRESS SHOWN ABOVE.**

A copy of the proposed ballot has been annexed hereto as **Exhibit "C".**

### 7.   Objections to Confirmation

Any objections to confirmation of the Plan must be in writing and must be filed with the Bankruptcy Court and served on counsel listed below on or before _____:

**Counsel for the Debtor:**
Law Offices of Alla Kachan, P.C.
Alla Kachan, Esq.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235

## H.    DESCRIPTION OF THE PLAN

The following is a summary of certain provisions of the Plan.

**A DISCUSSION OF THE PRINCIPAL PROVISIONS OF THE PLAN AS THEY RELATE TO THE TREATMENT OF CLASSES OF ALLOWED CLAIMS ARE SUMMARIZED BELOW. THE DISCUSSION OF THE PLAN THAT FOLLOWS CONSTITUTES A SUMMARY ONLY AND SHOULD NOT BE RELIED UPON FOR VOTING PURPOSES. YOU ARE URGED TO READ THE PLAN IN FULL IN EVALUATING WHETHER TO ACCEPT OR REJECT THE PLAN. IF ANY INCONSISTENCY EXISTS BETWEEN THIS SUMMARY AND THE PLAN, THE TERMS OF THE PLAN CONTROL. ALL CAPITALIZED TERMS NOT OTHERWISE DEFINED HAVE THE MEANINGS ASCRIBED TO THEM IN THE PLAN.**

### 7.    Overview

The Plan contemplates reconciliation of outstanding Claims against the estate by the Post-Confirmation Debtor, and the making of distributions to Creditors under the Plan in accordance with the priorities established by the Bankruptcy Code by the Post- Confirmation Debtor as Disbursing Agent. The Plan categorizes the Claims against the Debtor into distinct

Classes. In accordance with the Bankruptcy Code, Administrative Claims, Priority Tax Claims and Bankruptcy Fees are not classified. The Plan also provides that expenses incurred by the Debtor during the Chapter 11 Case will be paid in full (or as may otherwise be agreed by any party) and specifies the manner in which holders of Allowed Claims in each Class will be treated. If there is any discrepancy between this description of the Plan's treatment of Creditors and that set forth in the Plan, the terms of the Plan are controlling.

| CLASS | CLAIM | STATUS | VOTING |
|-------|-------|--------|--------|
| Class I | Secured Priority Tax Claims | Impaired | Entitled to Vote |
| Class II | Priority Tax Claims | Impaired | Entitled to Vote |
| Class IV | General Unsecured | Impaired | Entitled to Vote |
| Class V | General Unsecured Disputed | Impaired | Entitled to Vote |

### 8.    Unclassified Claims

### a.    Administrative Claims

Administrative claims consist of the Debtor's duly retained professionals and any other administrative expenses allowed under Section 503 of the Bankruptcy Code.

Administrative Claims will include the fees and expenses of the Debtor's Counsel, Alla Kachan, Esq., in the approximate amount of $3,000.00 (through confirmation, exclusive of the pre-petition retainer received prior to the Petition Date in the amount of $12,000.00 from the Debtor).

Wisdom Professional Services Inc. asserts a claim for the fees and expenses as accountants for the Debtor, in the approximate amount of $5,000.00 (through confirmation, exclusive of the pre-petition retainer received prior to the Petition Date in the amount of $1,000.00 from the

Debtor ).

Internal Revenue Service assets an administrative claim in the approximate amount of $1,365.98.

New York State department of taxation and Finance assets an administrative claim in the approximate amount of $18,191.77.

New York State Department of Labor assets an administrative claim in the approximate amount of $24, 314.71.

The claims of Debtor's professionals shall be subject to final fees applications pursuant to Bankruptcy Code Section 330 and orders of the Court approving the fees and expenses as sought by this application. The Debtor estimates that the total administrative fees paid to professionals will equal to **$ 51,872.46.** The Debtor is currently engaging in negotiating with all agencies aserting an administrative claim in order to secure a repayment plan of the claims.

In order to confirm the Plan, it is necessary for the Debtor to satisfy the Administrative Claims in full at or before Confirmation or have the holder of each Administrative Claim agree to a different treatment.

**b.    Priority Claims**

Allowed Priority Tax claims devided in the following Classes:

**Class I** - Secured Priority Tax Claims:

(i)    Secured priority claim of New York State Department of Taxation and Finance in the amount of **$268,288.98** comprising base taxes and accumulated interest shall be paid in full within sixty (60) months of the Confirmation Date or have the holder of the Priority Claim agree to a different treatment, together with 6% rate of interest compounded daily in equal monthly installments of **$5,186.78.** Please see **Exhibit D** – 60 month schedule of payments with interest

calculations;

(ii)     Secured priority claim of Internal Revenue Service in the amount of **$100,000.00** comprising base taxes and accumulated interest shall be paid in full within sixty (60) months of the Confirmation Date or have the holder of the Priority Claim agree to a different treatment, together with Federal short term interest rate 3% plus 3 percentage points, totaling a 6% rate of interest compounded daily rate of interest in equal monthly installments of **$1,933.28.** Please see **Exhibit E** – 60 month schedule of payments with interest calculations;

The class I creditors are impaired and are entitled to vote on the Plan.

**Class II** - Unsecured Priority Tax Claims:

(i)     Unsecured Priority claim of the New York State Department of Taxation and Finance in the amount of $ 55,439.96 comprising base taxes and accumulated interest shall be paid in full within sixty (60) months of the Confirmation Date or have the holder of the Priority Claim agree to a different treatment, together with a 6% rate of interest compounded daily in equal monthly installments of **$ 1,071.81.** Please see **Exhibit F** – 60 month schedule of payments with interest calculations.

(ii)     Unsecured Priority claim of Internal Revenue Service in the amount of $ 249,238.91 comprising base taxes and accumulated interest shall be paid in full within sixty (60) months of the Confirmation Date or have the holder of the Priority Claim agree to a different treatment, together with Federal short term interest rate 3% plus 3 percentage points, totaling a 6% rate of interest compounded daily in equal monthly installments of **$4,816.55.** Please see **Exhibit G** – 60 month schedule of payments interest calculations.

The class II creditors are impaired and are entitled to vote on the Plan.

**Class III** - Unsecured Priority Tax Claims:

(i)    New York State Department of Labor with a priority claim in the amount of $ **31,034.43** shall be paid in full within sixty (60) months of the Confirmation Date in equal monthly installments of **$ 517.24**;

(ii)    NYC Department of Finance with priority claim in the amount of $7,774.88 shall be paid in full within sixty (60) months of the Confirmation Date in equal monthly installments of **$129.58.**

Class III Claims are unimpaired and not entitled to vote pursuant to §1124 of the Bankruptcy Code.

### c.    Statutory Bankruptcy Fee

All Bankruptcy fees and charges assessed against the Debtor under 28 U.S. § 1930(a)(6) payable to the United States Trustee shall be paid in cash by the Effective Date, with any applicable interest thereon. Thereafter, such fees and any applicable interest shall continue to be paid by the Debtor until Debtor's case is closed by entry of a final decree, converted, or dismissed.

The Debtor shall pay all United States Trustee quarterly fees under 28 U.S.C. §1930(a)(6), plus interest due and payable under 31 U.S.C. § 3717 on all disbursements, including Plan payments and disbursements in and outside the ordinary course of the Debtor's affairs, until the entry of a Final Decree, dismissal of the Chapter 11 Case or conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code. Additionally, the Debtor shall file quarterly Post Confirmation Reports and schedule quarterly post-confirmation status conferences with the Court.

### d.    General Unsecured Claim

***Class IV-*** *(Unsecured Claim)* - Class IV consists of the claims of general unsecured

creditors in the Debtor's case totaling approximately $ 454,943.62.

The Debtor proposes to pay the Unsecured Creditors ten percent (10%) dividend of their allowed claims in sixty (60) equal monthly installments effective thirty (30) days after the Effective Date of this Plan. The class IV creditors are impaired and are entitled to vote on the Plan.

| Members of Class IV | Aggregate Dollar Amount of Claims in | Plan Treatment of Class IV | 10% Dividint | Monthly payment |
|---|---|---|---|---|
| Arrow Linen Supply Company Inc | $7,049.22 | 10% dividend in 60 monthly installment payments | $704.92 | $11.75 |
| Badlor Specialty Foods | $5,539.08 | 10% dividend in 60 monthly installment payments | $553.91 | $9.23 |
| Brooklyn Nets, LLC | $13,500.00 | 10% dividend in 60 monthly installment payments | $1,350.00 | $22.50 |
| Chief Fire Protection | $257.89 | 10% dividend in 60 monthly installment payments | $25.79 | $0.43 |
| D'Artagnan | $2,164.88 | 10% dividend in 60 monthly installment payments | $216.49 | $3.61 |
| Endicott Meats | $8,023.93 | 10% dividend  in 60 monthly installment payments | $802.39 | $13.37 |
| Fang Realty Inc., pre-petition rent arrears | $182,712.92 | 10% dividend  in 60 monthly installment payments | $18,271.29 | $304.52 |
| Go Fresh Produce | $1,234.65 | 10% dividend  in 60 monthly installment payments | $123.47 | $2.06 |
| Internal Revenue Service, Penalties accessed | $98,085.49 | 10% dividend in 60 monthly installment payments | $9,808.55 | $163.48 |
| National Grid | $6,608.07 | 10% dividend in 60 monthly installment payments | $660.81 | $11.01 |
| NYC Office of Administrative Trials & Hearing | $6,536.36 | 10% dividend  in 60 monthly installment payments | $653.64 | $10.89 |
| NYS Department of Taxation and Finance, Penalties accessed | $100,862.61 | 10% dividend in 60 monthly installment payments | $10,086.26 | $168.10 |
| Paper Enterprises | $1,358.43 | 10% dividend  in 60 monthly installment payments | $135.84 | $2.26 |
| Samuels & Son Seafood, Co | $2,855.10 | 10% dividend. in 60 monthly installment payments | $285.51 | $4.76 |
| Sysco Long Island, LLC | $6,145.15 | 10% dividend in 60 monthly installment payments | $614.52 | $10.24 |
| Two Cousins Fish Market, Inc. | $5,501.55 | 10% dividend  in 60 monthly installment payments | $550.16 | $9.17 |
| The Brooklyn Union Gas Company | $2,495.54 | 10% dividend  in 60 monthly installment payments | $249.55 | $4.16 |
| Satur Farms, LLC | $3,087.75 | 10% dividend  in 60 monthly installment payments | $308.78 | $5.15 |
| Wesco Insurance Company | $925.00 | 10% dividend in 60 monthly installment payments | $92.50 | $1.54 |
| Total: | $454,943.62 | | $45,494.36 | **$758.24** |

### e. Disputed General Unsecured Claim

*Class V- (Unsecured Claim)* - Class V consists of the claims of disputed general unsecured creditors in the Debtor's case totaling approximately $603,597.84.

The Debtor proposes to pay the Disputed Unsecured Creditors ten percent (10%) dividend of their allowed claims in sixty (60) equal monthly installments effective thirty (30) days after the Effective Date of this Plan. The class V creditors are impaired and are entitled to vote on the Plan.

| Members of Class V | Aggregate Dollar Amount of Claims in | Plan Treatment of Class V | 10% Dividend | Monthly payment |
|---|---|---|---|---|
| A. Sterm Meat Product | - | | | |
| ACE Endico Corp. | $4,397.70 | 10% dividend in 60 monthly installment payments | $439.77 | $7.33 |
| All in one entertainment | $805.00 | 10% dividend  in 60 monthly installment payments | $80.50 | $1.34 |
| Amy's Bread | $310.56 | 10% dividend  in 60 monthly installment payments | $31.06 | $0.52 |
| Aramark Uniform Services | $13,162.27 | 10% dividend  in 60 monthly installment payments | $1,316.23 | $21.94 |
| Bank Direct Capital Finance | $8,441.58 | 10% dividendin 60 monthly installment payments | $844.16 | $14.07 |
| Bartlett Dairy , Inc. | $313.05 | 10% dividend  in 60 monthly installment payments | $31.31 | $0.52 |
| Bein Cuit | $1,072.10 | 10% dividend  in 60 monthly installment payments | $107.21 | $1.79 |
| Borax Paper Products , Inc | $3,110.44 | 10% dividend in 60 monthly installment payments | $311.04 | $5.18 |
| Brooklyn Brewery | $237.93 | 10% dividend  in 60 monthly installment payments | $23.79 | $0.40 |
| Capital One | $2,361.41 | 10% dividend  in 60 monthly installment payments | $236.14 | $3.94 |
| CCAuthiriz Paisanos Prov | | | $0.00 | $0.00 |
| Dairyland USA Corp. | $13,229.60 | 10% dividend  in 60 monthly installment payments | $1,322.96 | $22.05 |
| DeBragga&Spitler Inc. | $14,528.78 | 10% dividend  in 60 monthly installment payments | $1,452.88 | $24.21 |
| Domaine Select Merchants | $6,053.61 | 10% dividend  in 60 monthly installment payments | $605.36 | $10.09 |
| Dutch Girl Cheese | $698.12 | 10% dividendin 60 monthly installment payments | $69.81 | $1.16 |
| Ecolab | $3,196.80 | 10% dividend in 60 monthly installment payments | $319.68 | $5.33 |
| Endicott Meats | $8,023.93 | 10% dividend  in 60 monthly installment payments | $802.39 | $13.37 |
| Environmental Control Boa | $2,000.00 | 10% dividend  in 60 monthly installment payments | $200.00 | $3.33 |
| FedEx | $673.06 | 10% dividend  in 60 monthly installment payments | $67.31 | $1.12 |
| Fossil Farms | $771.74 | 10% dividend in 60 monthly installment payments | $77.17 | $1.29 |
| Integrity Payment System | | | $0.00 | $0.00 |
| Intellig Roasting & Tea | $1,635.39 | 10% dividend  in 60 monthly installment payments | $163.54 | $2.73 |
| ISG Capital, INC | $245,000.00 | 10% dividend  in 60 monthly installment payments | $24,500.00 | $408.33 |
| Kingston Check Cashing Co | $961.78 | 10% dividend  in 60 monthly installment payments | $96.18 | $1.60 |
| Lobster Place | $7,072.13 | 10% dividend  in 60 monthly installment payments | $707.21 | $11.79 |
| Magnifique Cleaninig Ser | $1,306.54 | 10% dividend  in 60 monthly installment payments | $130.65 | $2.18 |
| Merchants Capital Access | | | $0.00 | $0.00 |
| Merchants Capital Access | $150,000.00 | 10% dividend in 60 monthly installment payments | $15,000.00 | $250.00 |
| Michael Skurnik Wines | $2,860.00 | 10% dividend in 60 monthly installment payments | $286.00 | $4.77 |

| | | | | |
|---|---|---|---|---|
| MHW LTD | $1,553.52 | 10% dividend in 60 monthly installment payments | $155.35 | $2.59 |
| M. Tucker | $416.91 | 10% dividend in 60 monthly installment payments | $41.69 | $0.69 |
| Network Services Company | $1,345.45 | 10% dividend in 60 monthly installment payments | $134.55 | $2.24 |
| NY City Health Deptmnt | $1,120.00 | 10% dividend in 60 monthly installment payments | $112.00 | $1.87 |
| On Hold Marketing | $1,199.25 | 10% dividend in 60 monthly installment payments | $119.93 | $2.00 |
| Opici Wine Group | $1,780.78 | 10% dividend in 60 monthly installment payments | $178.08 | $2.97 |
| Paisanos Provisions | $792.39 | 10% dividend in 60 monthly installment payments | $79.24 | $1.32 |
| Perfomance Foodservice | $7,000.00 | 10% dividend in 60 monthly installment payments | $700.00 | $11.67 |
| Piccinini Brothers, Inc. | $5,899.98 | 10% dividend in 60 monthly installment payments | $590.00 | $9.83 |
| Pipe Dream | $517.14 | 10% dividend in 60 monthly installment payments | $51.71 | $0.86 |
| Priority Payment System | $50,000.00 | 10% dividend in 60 monthly installment payments | $5,000.00 | $83.33 |
| Sea Creast Linen | $2,938.33 | 10% dividend in 60 monthly installment payments | $293.83 | $4.90 |
| Sid Wainer & Son | $5,877.34 | 10% dividend in 60 monthly installment payments | $587.73 | $9.80 |
| Super PC System, Inc | | | $0.00 | $0.00 |
| Sysco Long Island, LLC | $6,145.15 | 10% dividend in 60 monthly installment payments | $614.52 | $10.24 |
| The Cousins Fish Market | $5,616.84 | 10% dividend in 60 monthly installment payments | $561.68 | $9.36 |
| The Lobster Place, Inc. | $5,291.00 | 10% dividend in 60 monthly installment payments | $529.10 | $8.82 |
| The Pay-O-Matic Corp. | $800.00 | 10% dividend in 60 monthly installment payments | $80.00 | $1.33 |
| Tom Cat Bakery, Inc. | $8,900.00 | 10% dividend in 60 monthly installment payments | $890.00 | $14.83 |
| TransFirst | | | $0.00 | $0.00 |
| USA Wine Imports | $1,232.02 | 10% dividend in 60 monthly installment payments | $123.20 | $2.05 |
| Verizon | $556.37 | 10% dividend in 60 monthly installment payments | $55.64 | $0.93 |
| Warwick Valley Wine | $180.00 | 10% dividendin 60 monthly installment payments | $18.00 | $0.30 |
| Western Pest Services | $591.47 | 10% dividend in 60 monthly installment payments | $59.15 | $0.99 |
| Winebow | $1,620.38 | 10% dividend in 60 monthly installment payments | $162.04 | $2.70 |
| Total: | $603,597.84 | | $60,359.78 | $1,006.00 |

**f.**　　Akiva Ofshtein, the ***Class VI*** interest holder, shall retain his interest in the Debtor following Confirmation in consideration of the new value contribution being made by him as the equity holder toward the payment of general unsecured creditor claims. The new value contribution shall consist of monthly supplementary payments by Mr. Ofshtein, toward the Debtor's plan payments, in the approximate sums between $4,000.00-6,000.00 monthly. Please see as **Exhibit "J"** Mr. Ofshtein' business operating bank account statement containing the available funds.

**g.**　　**Classes Impaired Under The Plan**

**Under Section 1126 of the Bankruptcy Code, Classes of Claims which are impaired are entitled to vote on a plan of reorganization. Under Section 1124 of the Code, a Class of Claims is impaired unless the Plan, with respect to such Class:**

(a)　　leaves unaltered the legal, equitable and contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; or

(b)　　reinstates a previously accelerated Claim or Interest by which (a) curing any prepetition defaults (other than a default under Section 365(b)(2) of the Code, (b) reinstating the maturity of such Claim or Interest as it existed result of reliance on a contractual acceleration provisions or similar applicable law, and (c) not otherwise altering the legal, equitable or contractual rights to which such Claim or Interest entitle the holders of such Claim or Interest; or

(c)　　provides on the Effective Date that (a) with respect to a class of Claims, the holders of such Claims receive Cash equal to the allowed amount of their Claims; and (b) with respect to a class of Interests, the holders of such Interests receive the greater of any fixed liquidation preference that they are entitled to under any security, or any fixed price at which

the debtor may redeem such security pursuant to the terms of such security.

Class I, II, IV and V is impaired under the Plan and entitled to vote. Administrative Claims are not impaired under the Plan and are not entitled to vote.

## I.   MEANS OF IMPLEMENTING THE PLAN

### a.    Source of payment

Payments and distributions under the Plan will be funded by the following:

By continued operation and increased earnings of Prime Six. Inc.  Please see **Exhibit "I".** Projected 5 year Profit and Loss Statement.

## J.    CURRENT BALANCE SHEET AND STATEMENTS OF OPERATION

### 1.    Balance Sheet

Annexed hereto as **Exhibit "H"** is a copy of Debtor's balance sheet as of April 30, 2016.

## K.    CLAIMS OBJECTIONS

The Debtor is currently reviewing its books and records to evaluate which, if any, claims shall be made the subject of an objection.

## L.    ABSOLUTE PRIORITY RULE

With certain exceptions, one of the requirements for confirmation is that a plan not provide for any payments to a junior class unless all superior classes are paid in full. Since general unsecured creditors are superior to the Debtor, the Debtor may not retain their interests, unless one of three situations occur:

1.    The plan provides for full payment to general unsecured creditors;  or

2.    The stockholders seeking to retain their equity interests contribute "money or money's worth" in the form of needed capital to the reorganized debtor reasonably

equivalent in value to that of the equity interest sought to be retained; or

3.      The class of unsecured creditors waive their rights by consenting to the plan as proposed. In the present case, the unsecured creditors are expected to consent to the Plan as proposed, and therefore, the Debtor does not anticipate seeking a "cram down" of the claims of unsecured creditors. The Debtor expects the class of unsecured creditors to vote in favor of the Plan as the Plan establishes a set amount to be paid with regularity toward the payment of the creditors' claims that is tenable in light of the Debtors priority and post-petition obligations.

## M.      TAX CONSEQUENCES OF THE PLAN

THE FOLLOWING DISCUSSION IS A SUMMARY OF CERTAIN SELECTED SIGNIFICANT FEDERAL INCOME TAX CONSEQUENCES BUT NOT STATE, LOCAL OR FOREIGN TAX CONSEQUENCES, OF THE PLAN TO THE DEBTOR, HOLDERS OF CLAIM AND INTERESTS. THESE TAX CONSEQUENCES MAY BE AFFECTED BY SUCH FACTORS AS CHANGES IN THE STRUCTURE OF THE DEBTOR FROM THAT DESCRIBED HEREIN. THE FEDERAL INCOME TAX CONSEQUENCES TO HOLDERS MAY VARY SIGNIFICANTLY DEPENDING ON THE INDIVIDUAL CIRCUMSTANCES OF EACH HOLDER. MOREOVER, THE FEDERAL INCOME TAX CONSEQUENCES OF CERTAIN ASPECTS OF THE PLAN ARE UNCERTAIN BECAUSE OF THE LACK OF APPLICABLE LEGAL PRECEDENT AND THE POSSIBILITY OF CHANGES IN FEDERAL INCOME TAX LAWS. ACCORDINGLY, EACH HOLDER OF AN ALLOWED CLAIM OR INTEREST IS STRONGLY ADVISED TO CONSULT WITH SUCH HOLDER'S OWN TAX ADVISOR REGARDING THE FEDERAL, STATE, LOCAL AND FOREIGN TAX CONSEQUENCES OF THE PLAN.

In general, the federal income tax consequences to the Debtor and to each holder of an Allowed Claim will depend on numerous factors. These factors include but are not limited to the following:

A.    The identity and status of the particular Claimant for federal income tax purposes;

B.    The financial status of the Claimant and the Debtor, including the amount and character of any current tax attributes and tax attribute carryovers or carrybacks of the Claimant and/or the Debtor;

C.    The nature (recourse or nonrecourse) and terms of the debt instrument(s) to be restructured including the allocation of payments between principal and accrued but unpaid interest;

D.    The accounting method of the Claimant;

E.    The relationship, if any, between the Debtor and Claimants;

F.    The residency, alienage or place of legal incorporation or formation (foreign or U.S.) of the Claimant and/or the persons owning beneficial equity interests in the Claimant.

G.    The type or method of debt restructure adopted by the Debtor and Claimant and the timing of such debt restructure. The application of the factors to each Claimant will depend on the Claimant's individual facts and circumstances. In addition the federal income tax consequences to the Debtor and Claimants may depend on events which occur several years after the Plan is implemented.

**THE DEBTOR'S LEGAL COUNSEL DOES NOT HAVE SUFFICIENT INFORMATION TO DETERMINE ALL OF THE SPECIFIC FEDERAL INCOME TAX CONSEQUENCES TO EACH OF THE CLAIMANTS RESULTING FROM THE**

PLAN. ACCORDINGLY, EACH HOLDER OF A CLAIM IS STRONGLY ADVISED TO CONSULT WITH SUCH HOLDER'S OWN TAX ADVISOR REGARDING THE FEDERAL, STATE, LOCAL AND FOREIGN TAX CONSEQUENCES OF THE PLAN.

NO RULINGS HAVE BEEN OR ARE EXPECTED TO BE REQUESTED FROM THE INTERNAL REVENUE SERVICE OR ANY STATE TAX AGENCY CONCERNING ANY OF THE TAX MATTERS DESCRIBED HEREIN. THERE CAN BE NO ASSURANCE THAT THE IRS OR ANY STATE TAX AGENCY WILL NOT CHALLENGE THE POSITIONS TAKEN BY THE DEBTOR WITH RESPECT TO ANY OF THE ISSUES ADDRESSED HEREIN OR THAT A COURT OF COMPETENT JURISDICTION WOULD NOT SUSTAIN SUCH A CHALLENGE.

### N.    TAX CONSEQUENCES TO ALLOWED CLAIMANTS

The federal income tax consequences with respect to payments of cash to Allowed Claimants in partial or full satisfaction of debt, or pursuant to a tax free recapitalization or other restructuring, depend on the allocation of such payments to principal and interest owed on the debt. The allocation of payments between interest and principal may affect:

a.    the existence and timing of recognition of interest income by a cash basis Claimant;

b.    the existence and timing of interest deductions on a cash basis (and sometimes to an accrual basis) Debtor;

c.    the amount (and possibly the character) of worthless debt loss recognized by the Claimants;

d.    the amount of cancellation of indebtedness income recognized by the Debtor;

e.    the amount of gain or loss recognized by the Claimant pursuant to a recapitalization under Internal Revenue Code § 368(a)(1)(E).

An Allowed Claimant will recognize ordinary income to the extent that any stock, debt securities, other premises, or cash received is attributable to interest (including original issue discount) which has accrued while the Claimant held the debt and which the Claimant previously included in income, exceeds the fair market value of stock, debt and cash received by the Claimant which is attributable to such accrued interest (including OID).

In addition, such Claimants will realize gain on such amount equal to the excess of the fair market value of stock, debt, other premises and cash received (excluding amounts attributable to interest and discussed above) over the cost or other tax basis of the debt claims surrendered (excluding any tax basis allocated to accrued interest). The gain may be a capital gain or ordinary gain unless the exchange has the effect of the distribution of a dividend under Internal Revenue Code § 305 (discussed below) in which case gain recognized that is not in excess of earning and profits of the Debtor will be treated as a dividend. A corporate Claimant who receives a dividend may qualify for a dividend received deduction with respect to the dividend.

The rules regarding taxation of payments to Claimants which are attributable to other accrued but unpaid income items (e.g., rents, compensation, royalties, dividends, etc.) are similar to the rules described above for payments allocated to interest.

**- Importance of obtaining professional Tax Assistance.**

**THE FOREGOING IS INTENDED TO BE ONLY A SUMMARY OF SELECTED FEDERAL INCOME TAX CONSEQUENCES OF THE PLAN, AND IS NOT A SUBSTITUTE FOR CAREFUL TAX PLANNING WITH, AND RECEIPT OF ADVICE**

FROM, A TAX PROFESSIONAL.

THE FEDERAL INCOME TAX CONSEQUENCES OF THE PLAN THAT ARE DESCRIBED HEREIN AND THE STATE, LOCAL AND FOREIGN TAX CONSEQUENCES OF THE PLAN THAT ARE NOT ADDRESSED HEREIN, ARE COMPLEX AND, IN SOME CASES, UNCERTAIN. SUCH CONSEQUENCES MAY ALSO VARY BASED ON THE INDIVIDUAL CIRCUMSTANCES OF EACH HOLDER OF A CLAIM. ACCORDINGLY, EACH CLAIMANT AND EQUITY HOLDER IS STRONGLY URGED TO CONSULT WITH ITS OWN TAX ADVISOR REGARDING THE FEDERAL, STATE, LOCAL AND FOREIGN TAX CONSEQUENCES OF THE PLAN.

### O.        MAINTENANCE OF EMPLOYEE BENEFIT PLANS

The Debtor does not maintain any employee benefit plans.

### P.        ACCOUNTING PROCESS

The financial information contained in this Disclosure Statement was derived from the Petition, Schedules and monthly operating reports filed by the Debtor in this case.

### Q.        POST-PETITION ASSETS AND LIABILITIES

The Debtor has not accrued significant assets or liabilities except as otherwise set forth herein.

### R.        EXECUTORY CONTRACTS

Unless the Confirmation Order shall otherwise provide, or the Debtor shall have filed a

motion to reject any executory contracts on the Effective Date, the Debtor will assume all executory contracts which have not otherwise expired by their own terms. A proof of claim for any claim arising from the rejection of an executory contract shall be filed within thirty (30) days subsequent to the date that an order is entered rejecting the executory contract and the claim arising from the rejection of an executor contract for which a proof of claim is not filed within such time period shall be disallowed in its entirety and forever barred.

## S.    RETENTION OF JURISDICTION

Following Confirmation, the Bankruptcy Court shall retain such jurisdiction as is legally permissible, including, without limitation, for the following purposes: (i) to determine the allowability, classification, or priority of Claims;

(i) to construe and to take any action to enforce and execute the Plan, the Confirmation Order, or any other order of the Bankruptcy Court; (ii) to issue such orders as may be necessary for the implementation, execution, performance, and consummation of the Plan; (iii) to determine any and all applications for allowance of compensation and expense reimbursement of Professional Persons; (iv) to determine any other request for payment of Administrative Claims; (v) to determine all applications, motions, adversary proceedings, contested matters, claim objections, and any other litigated matters instituted prior to the closing of the Reorganization Case, including litigation commenced to set aside or avoid any transfers pursuant to Bankruptcy Code Sections 544, 545, 547, 548, 549, 550 and 553; (vi) to modify the Plan under Bankruptcy Code Section 1127, to remedy any defect or omission in the Plan, or to reconcile any inconsistency in the Plan, or to reconcile any inconsistency in the Plan so as to carry out its intent and purposes.

## T.    DISTRIBUTIONS UNDER THE PLAN

General Matters Concerning the Distribution of Consideration

### 1.    The Disbursing Agent(s)

The Debtor shall act as Disbursing Agent(s) under the Plan with respect to all creditors.

### 2.    Cash Payments

Cash payments made pursuant to the Plan will be in U.S. dollars by checks drawn on a banking institution that is an authorized depository in the Southern District of New York selected by the Debtor, or by wire transfer from a banking institution that is an authorized depository in the Southern District of New York, at the option of the Debtor.

### 3.    Transmittal of Distributions

All distributions shall be deemed made at the time such distribution is deposited in the United States mail, postage prepaid or, in case of wire transfers, upon receiving confirmation from the transferring bank. Except as otherwise agreed with the holder of an Allowed Claim, such distribution shall be distributed by mail to (i) the address listed by such holder for receiving distributions in its Proof of Claim or (ii), if no Proof of Claim was filed, the mailing address reflected upon the filed Schedules of Assets and Liabilities or in the Debtor's books and records for such holder.

### 4.    Undeliverable Distributions

If any distribution is returned to a Disbursing Agent as undeliverable, no further distributions shall be made to the holder of the Allowed Claim or Allowed Interest on which such distribution was made unless and until the Debtor are notified in writing of such holder's then-current address. Undeliverable distributions shall remain in the possession of

the Debtor, until such time as a distribution becomes deliverable or is deemed canceled (as hereinafter provided). Any unclaimed distribution shall be accounted for separately, but there shall be no duty to invest any such unclaimed distribution in any manner. Any holder of an Allowed Claim or Allowed Interest that does not present a Claim for an undeliverable distribution within one hundred and eighty (180) days after the date upon which a distribution is first made available to such holder shall have its right to such distribution discharged. In such event the subject claimant shall be forever barred from asserting any such Claim against the Debtor or its property. All unclaimed or undistributed distributions shall, pursuant to Bankruptcy Code Section 347(b), be the property of the Debtor and shall be treated as determined by the Debtor in its sole and absolute discretion.

## U.    PROCEDURES FOR RESOLVING DISPUTED CLAIMS

### a.    Time Limit for Objections to Claims

Objections to Claims shall be filed by the Debtor with the Court and served upon each Holder of each of the Claims to which objections are made, not later than sixty (60) days subsequent to the Confirmation Date or with such other time period as may be fixed by the Court.

### b.    Resolution of Disputed Claims

Unless otherwise ordered by the Court, the Debtor shall litigate to judgment, settle or withdraw objections to Disputed Claims, in its sole discretions, without notice to any party in interest.

Notwithstanding any other provision of the Plan, no Distributions shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to the Disputed

Claim have been settled or withdrawn or have been determined by Final Order, and the Disputed Claim, or some portion thereof, has become an Allowed Claim. To the extent that a Claim is not a Disputed Claim but is held by a Holder that is or may be liable to the Debtor on account of a Cause of Action, no Distributions shall be made with respect to all or any portion of such Claim unless and until such Claim and liability have been settled or withdrawn or have been determined by Final Order of the Bankruptcy Court or such other court having jurisdiction over the matter.

### c.      Distributions upon Disputed Claims that Become Allowed Claims.

Distributions to holders of Disputed Claims that subsequently become Allowed Claims will be paid by the Debtor no later than the later to occur of (i) sixty (60) days after the Disputed Claim becomes an Allowed Claim; and (ii) Debtor's making other distributions under the Plan to holders of Allowed Claims.

### d.      Estimation.

The Debtor may, at any time, request that the Bankruptcy Court estimate any contingent, unliquidated, or Disputed Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether the Debtor previously objected to such Claim. The Bankruptcy Court shall retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including, without limitation, during the pendency of any appeal relating to any such objection. In the event that the Bankruptcy Court estimates any contingent, unliquidated, or Disputed Claim, the amount so estimated shall constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Debtor may pursue supplementary proceedings to object to the allowance

of such Claim. All of the aforementioned objection, estimation, and resolution procedures are intended to be cumulative and not exclusive of one another. On and after the Effective Date, Claims that have been estimated may be compromised, settled, withdrawn, or otherwise resolved subsequently, without f u r t h e r order of the Bankruptcy Court.

## V.   LEGAL EFFECTS OF CONFIRMATION AND EFFECTIVENESS OF THE PLAN

### a.   Discharge of the Debtor

Pursuant to Section 1141(d)(5) of the Bankruptcy Code on the Effective Date, the Debtor will be discharged from any claim that arose prior to petition date whether or not the Holder of the Clam has accepted the Plan, except that the debtor may, by separate motion and after notice and a hearing seek discharge for cause. Pursuant to Section 1141(d)(2) of the Bankruptcy Code, the Debtor will not be discharged from any debt excepted from discharge under section 523 of this title.

### b.   Injunction

Except as otherwise provided in the Plan, the Confirmation Order shall provide, among other things, that from and after the Effective Date all Persons who have held, hold or may hold Claims against the Debtor are permanently enjoined from taking any of the following actions against the Debtor, its Estate, or any of their property on account of any such Claims: (1) commencing or continuing, in any manner or in any place, any action or other proceeding; (2) enforcing, attaching, collecting or recovering in any manner, any judgment, award, decree or order; (3) creating, perfecting or enforcing any lien or encumbrance; (4) asserting a setoff, right of subrogation or recoupment of any kind against

any debt, liability or obligation due to the Debtor unless authorized under the Plan; (5) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; provided, however, that nothing contained in the Plan shall preclude such Persons from exercising their rights pursuant to an d consistent with the terms of the Plan or the Confirmation Order.

### c.    Limitation of Liability

To the extent permitted by Section 1125(e) of the Bankruptcy Code, except as otherwise provided in the Plan, the Debtor and its Professionals and any of such parties' successors and assigns, shall not have or incur any claim, action, proceeding, Cause of Action, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, right to payment or Claim (as defined) in Section 101(4) of the Bankruptcy Code), whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether asserted or assertable directly or derivatively, in law equity or otherwise to one another or to any Holder of a Claim, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or any of their successors or assigns, for any act or omission originating or occurring on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Debtor, the Chapter 11 Case, negotiation and filing of the Plan or any prior plans, filing Chapter 11 Case, the pursuit of confirmation of the Plan or any prior plans, the consummation of the Plan, the administration of the Plan or the property to be liquidated other than resulting from and/or gross negligence as determined by a Final Order of a court of competent jurisdiction, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their

duties and responsibilities under the Plan. Nothing herein shall abrogate the requirements of any applicable professional disciplinary rules.

### d.    Terms of Bankruptcy Injunction or Stays

All injunctions or stays provided for in the Chapter 11 Case under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date unless otherwise provided in this Plan. Upon the Effective Date, the injunction provided in Article XI(D) shall apply.

## W.    MODIFICATION AND AMENDMENT OF THE PLAN

The Debtor may alter, amend or modify the Plan or any Exhibits under Section 1127(a) of the Bankruptcy code at any time prior to the Confirmation Date. After the Confirmation Date and prior to substantial consummation of the Plan as defined in Section 1101(2) of the Bankruptcy Code, the Debtor may, under Section 1127(b) of the Bankruptcy Code, institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement or the Confirmation Order, and such matters as may be necessary to carry out the purpose and effect of the Plan so long as such proceedings do not adversely affect the treatment of Holders of Claims under the Plan; provided, however, that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or order of the Bankruptcy Court.

## X.    EVENT OF DEFAULT

The Debtor shall be deemed in default if it fails to make timely payments to any creditors as provided for in the Plan and the Debtor and each creditor shall abide by the following:

1.      Upon written receipt from any creditor of notice of default relating to  payments, the Debtor shall have a period of thirty (30) days from receipt of such  notice to cure such default, during such 30-day period, the creditors shall take no action to terminate the Debtor's Plan. If such default is cured by the Debtor within the 30-day period, the Plan shall continue in full force and effect. Any notices of default under the Plan shall be served upon the Debtor and Debtor's attorney.

2.      If full payment of the default amount is not paid by the Debtor within thirty (30) days of such demand, the Internal Revenue Service, New York State Department of Taxation and Finance and New York City Department of Taxation and Finance may collect any unpaid liabilities through governing administrative collection      provisions,    and    the automatic  stay  of  11  U.S.C. §363(a) is lifted for this purpose without further  order of the court.

3.      If Debtor fails to make any post-confirmation deposits, fails to pay any post-confirmation tax liability, default in the payments to the class of unsecured creditors or fails to file post-confirmation tax returns by the due date of the tax return, then after 5-days written notice of default to Debtor and Debtor's counsel and Debtor's failure to cure, the United States and/or the New York State Department of Taxation and Finance may declare a default of the Plan.

4.      **If full payment is not made within thirty (30) days of demand, then the Internal Revenue Service may collect the entire imposed liability, together with any unpaid current liabilities, plus accruals, shall become due and payable immediately, through the administrative collection provisions of the Internal Revenue Code, and the automatic stay of 11 USC 362(a) is lifted for this purpose without further order of the Court.**

## Y.    FINAL DECREE

Pursuant to Local Bankruptcy Rule 3022-1, within fifteen (15) days following the substantial administration of the estate, the Debtor or the Reorganized Debtor shall file, on notice to the United States Trustee, an application and a proposed order for a final decree closing this case.

## CONCLUSION

The Debtor believes that the Plan affords Creditors the potential for repayment and, therefore, is in the best interest of the Creditors. The only other alternative is conversion to chapter 7 wherein a trustee would be appointed to liquidate Debtor's remaining assets for distribution. Accordingly, the Debtor urges all Creditors to cast their ballots in favor of accepting the Plan. The Debtor shall be required to file quarterly post-confirmation status reports until the case is closed, converted, or dismissed, whichever happens earlier.

Dated: Brooklyn, New York          /s/ Alla Kachan
      July 22, 2016                           Alla Kachan, Esq.
                                      Law Offices of Alla Kachan, P.C.
                                      3099 Coney Island Avenue, 3rd Floor
                                      Brooklyn, NY 11235

Dated: Brooklyn, NY                Debtor and Debtor-in-Possession By:
      July 22, 2016                           /s/ Akiva Ofshtein

                                      The president of Prime Six, Inc.

**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

IN RE:                                    **CHAPTER 11**

**PRIME SIX, INC.,**                      **CASE NO.: 1-15-42334-CEC**

              **DEBTOR.**

---

### THIRD AMENDED CHAPTER 11 PLAN

---

ALLA KACHAN, ESQ.
Attorney for Debtor, Prime Six, Inc.
3099 Coney Island Ave, 3rd Floor
Brooklyn, NY 11235
Tel: (718) 513-3145
Fax: (347) 342-315
E-mail: alla@kachanlaw.com

## PLAN OF REORGANIZATION

The Debtor, by and through its attorney, Alla Kachan pursuant to 11 U.S.C. §1121 et seq., proposes the following third amended Chapter 11 Plan.

Prime Six, Inc. ("Prime Six, Inc."), the above named captioned debtor and debtor-in-possession ("Debtor") hereby submits the following First amended Chapter 11 Plan of Reorganization (the "Plan") pursuant to the provisions of Chapter 11 of the Bankruptcy Code. All Holders of Claims who are eligible to vote on the Plan are encouraged to read the Plan and the accompanying Disclosure Statement including all exhibits before voting to accept or reject the Plan. Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Debtor reserve the right to alter, amend, modify, revoke, or withdraw this Plan prior to its substantial consummation. The Debtor is the proponent of the Plan within the meaning of section 1129 of the Bankruptcy Code.

Nothing contained herein shall constitute an offer, acceptance or legally binding obligation of the Debtor or any other party in interest and the Plan is subject to approval of the Bankruptcy court and other customary conditions.

**ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN ARE ENCOURAGED TO READ CAREFULLY THE DISCOLSURE STATEMENT (INCLUDING ALL EXHIBITS) AND THE PLAN, EACH IN ITS ENTIRETY, BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.**

### ARTICLE I

### DEFINED TERMS AND RULES OF INTERPRETATION

**A.    Rules of Construction**

For purposes of this Plan, except as expressly provided herein or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings ascribed to them in Article I of this Plan or any Exhibit. Any term used and not defined in this Plan but is defined in the Bankruptcy Code of the Bankruptcy Rules shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable. Whenever the context requires, such terms shall include the plural as well as t h e singular number, the masculine gender shall include the feminine, and the feminine gender shall include the masculine.

### B.    Definition

**1.1    Administrative Claim** means as Allowed Claim for costs and expenses of administration of the Chapter 11 Case under section 503(b), 507(b) or 1114(e)(2) of the Bankruptcy Code including: (a) any actual and necessary costs and expenses, incurred after the Petition Date, of preserving the Estate and operating business and Claims of governmental units for taxes (including tax audit Claims related to tax years commencing after the Petition Date, but excluding Claims relating to tax periods, or portions thereof, ending on or before the Petition Date); and (b) all other claims entitled to administrative claim status pursuant to a Final Order of the Bankruptcy Court and including Profession Fee Claims.

**1.2    Administrative Bar Date** means the last day in which creditors and parties-in-interest can file a proof of claim against the Debtor for administrative expenses.

**1.3    Administrative Period** means the period beginning on the Petition Date and ending on the Confirmation Date.

**1.4    Adversary Proceeding** means any and all actions previously commenced, or to be commenced, by the Debtor to recover money or property on behalf of the Debtor's Estate.

**1.5    Allowed Claim** means a Claim or any portion thereof (a) that has been allowed by a Final Order of the Bankruptcy Court (or such court as the Debtor and the Holder of any Claim agree may adjudicate the Claim and any objection thereto), (b) that either has been Scheduled as a liquidated, non-contingent, and undisputed in an amount greater than zero on the Scheduled, or, is the subject of a timely filed proof of claim as to which either (i) no objection to its allowance has been Filed (either by way of objection or amendment to the Schedules) within the periods of limitation fixed by the Bankruptcy Code or by any order of the Bankruptcy Court or (ii) any objection to its allowance has been settled, waived through payment, or withdrawn, or has been denied by a Final Order, or (c) that is expressly Allowed in a liquidated amount in the Plan; provided, however, that with respect to an Administrative Claim, "Allowed Claim" means an Administrative Claim as to which a timely written request for payment has been made in accordance with applicable bar dates for such requests set by the Bankruptcy Court (if such written request is required) in each case as to which the Debtor, or any other party in interest has not interposed a timely objection or has interposed a timely objection and such objection has been settled, waived through payment, or withdrawn, or has been denied by a Final Order.

**1.6    Avoidance Actions** means Causes of Action arising under Bankruptcy Code sections 502, 510, 541, 542, 544, 545, 547 through 551 and/or 553, or under related state or federal statutes and common law, including, without limitation, fraudulent transfer laws, whether or not litigation is commenced to prosecute such Causes of Action; provided, however, that Avoidance Actions shall not be deemed to include those causes of action released, waived and/or discharged pursuant to this Plan or an order of the Bankruptcy Court.

**1.7    Ballot** means each of the ballot forms distributed to each Holder of a

Claim entitled to vote to accept or reject this Plan.

**1.8** **Bankruptcy Code** means title 11 of the United States Code, as now in effect or hereafter amended and as applicable to the Chapter 11 Case.

**1.9** **Bankruptcy Court** means the United States Bankruptcy Court for the Eastern District of New York or any other court with jurisdiction over the Chapter 11 Case.

**1.10** **Bankruptcy Rules** means the Federal Rules of Bankruptcy Procedure and the local rules of the Bankruptcy Court, as now in effect or hereinafter amended.

**1.11 Bar Date** means the last day in which creditors and parties-in-interest can file a proof of claim against Debtor.

**1.12** **Cash** means the legal tender of the United States of America and equivalents thereof, which may be conveyed by check or wire transfer.

**1.13** **Chapter 11 Case** means the case under chapter 11 of the Bankruptcy Code commenced by the Debtor.

**1.14** **Claims** means a "claim" as defined in section 101(5) of the Bankruptcy Code.

**1.15** **Claimant** means the holder of a Claim.

**1.16** **Claims Objection Deadline** means the last day for Filing objections to Claims, other than Administrative Claims and Professional Fee Claims, which day shall be (a) the later of (i) 60 days after the Effective Date and (ii) 60 days after the filing of a proof of claim for, or request for payment of, such Claim and (b) such other date as the Bankruptcy Court may order.

**1.17** **Class** means a category of Holders of Claims, as described in Article II.

**1.18** **Closing Date** means the date that Debtor completes all Plan payments and a final decree is entered by the Court.

**1.19    Confirmation** means entry of a Final Order confirming the Plan in accordance with Section 1129 of the Bankruptcy Code.

**1.20    Confirmation Date** means the date on which the Bankruptcy Court entered the Confirmation Order.

**1.21    Confirmation Hearing** means the hearing held before the Bankruptcy Court to consider confirmation of this Plan pursuant to Section 1128(a) and 1129 of the Bankruptcy Code, as it may be adjourned or continued from time to time.

**1.22    Confirmation Order** means the order issued and entered confirming the Plan, pursuant to Section 1129 of the Bankruptcy Code.

**1.23    Consummation of the Plan** means the period by which the Debtor commence distribution under the Plan.

**1.24    Creditor** means all entities and/or individuals holding Claims against the Debtor's estate.

**1.25    Cure Period** means the period of thirty (30) days the Debtor has to cure any default in payments required under the Plan after a Claimant provide written notice to the Debtor and attorneys of the default.

**1.26    Debtor** means Prime Six, Inc.

**1.27    Disallowed Claim** means a Claim, or any portion thereof, that (a) has been disallowed by the Final Order, (b) is scheduled at zero or as contingent, disputed or unliquidated and as to which no Proof of Claim has been filed by the Bar Date or deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy or any Final Order, or otherwise deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any final Order or under applicable law, or (c) is not Scheduled, and

as to which (i) no Proof of Claim has been filed by the Bar Date or deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any Final Order or under applicable law, or (ii) no request for payment of an Administrative Claim has been filed by the Administrative Claims Bar Date or deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any Final Order or under applicable law.

**1.28  Disbursing Agent** means the Post-Confirmation Debtor.

**1.29  Disclosure Statement** means the Disclosure Statement filed pursuant to Section 1125 of the Bankruptcy Code filed by the Debtor in connection with the Reorganization Case, and all Exhibits in connection therewith and any documents delivered in connection therewith, as the same may be amended from time to time by any duly authorized amendments or modification.

**1.30  Disputed Claim** means a Claim, or any portion thereof, designated as disputed, contingent or unliquidated in the Debtor's Schedules filed in connection with its Reorganization Case, or any Claim against which an objection to the allowance thereof has been interposed and as to which such objection a Final Order has not been entered or any Claim against which the period for bringing such objection as provided hereunder has not expired.

**1.31  Disputed Claim Amount** means (a) if a liquidated amount is set forth in the Proof of Claim relating to a Disputed Claim, (i) the liquidated amount set forth in the Proof of Claim relating to the Disputed Claim; (ii) an amount agreed to by the Debtor and the Holder of the Disputed Claim; or (iii) if a request for estimation is filed by any party, the amount at which the Claim is estimated by the Bankruptcy Court; (b) if no liquidated amount

is set forth in the Proof of Claim relating to a Disputed Claim, (i) an amount agreed to by the Debtor and the holder of the Disputed Claim or (ii) the amount estimated by the Bankruptcy Court with respect to the Disputed Claim; or (c) if the Claim was listed on the Schedules as unliquidated, contingent or disputed and no Proof of Claim was filed, or deemed to have been filed, by the Bar Date and the Claim has not been resolved by written agreement of the parties or an order of the Bankruptcy Court, zero.

**1.32  Disputed Claim Holder** means the holder of a Disputed Claim.

**1.33  Distribution** means any distribution pursuant to the Plan to the Holders of Allowed Claims.

**1.34  Distribution Date** means the date upon which initial distributions are made by the Disbursing Agent to Holders of Allowed Claims entitled to receive Distribution under the Plan, which shall be thirty (30) days after the Effective Date.

**1.35  Effective Date** means the day following the day upon which the order of Confirmation has become a Final Order.

**1.36  Estate** means the estate of the Debtor created under section 541 of the Bankruptcy Code.

**1.37  Exhibit** means the exhibits filed in support of this Plan or as an appendix to the Disclosure Statement.

**1.38  Extension Period** means the additional ninety (90) days that the Cure period shall be extended in the event of any act of terrorism or God which adversely impacts upon the ability of the Debtor or Reorganized Debtor to satisfy payment obligation under the Plan.

**1.39  Final Order** means an order or judgment of the Bankruptcy Court, or other

court of competent jurisdiction, as entered in the Chapter 11 Case, the operation or effect of which has not been stayed, reversed or amended and as to which order or judgment (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing was Filed or, if Filed, remains pending.

**1.40 General Unsecured Claim** means a Claim that is not an Administrative Claim, Priority Tax Claims, Priority Non-Tax Claim, Secured claim or Professional Fee Claim.

**1.41 Governmental Unit** means a "governmental unit" as defined in section 101(27) of the Bankruptcy Code.

**1.42 Holder** means the legal or beneficial holder of a Claim (and, if used in conjunction with a Class or type of Claim, means a holder of a Claim in such Class or of such type).

**1.43 Impaired** means a Claim or Class that is impaired within the meaning of section 1124 of the Bankruptcy Code.

**1.44 Person** means an individual, corporation, partnership, joint venture, trust, estate, unincorporated association, unincorporated organization, governmental entity, or political subdivision thereof, or any other entity.

**1.45 Petition Date** means May 20, 2015, the date of the commencement of the Debtor's Reorganization Case.

**1.46 Plan** means this document entitled "Plan of Reorganization" including the exhibits and all supplements, appendices, and schedules, either in its current form or as the same may be altered, amended, or modified from time to time in accordance with the Bankruptcy Code and Bankruptcy Rules.

**1.47  Plan Supplement** means, if any, such exhibits, documents, lists or schedules not filed with the Plan but as may be filed in connection therewith within ten (10) days of the Confirmation Hearing.

**1.48  Priority Non-Tax Claim** means a Claim, other than an Administrative Claim or Priority Tax Claim, which is entitled to priority in payment pursuant to section 507(a) of the Bankruptcy Code.

**1.49  Priority Tax Claim** means a Claim of a Governmental Unit of the kind specified in sections 502(i) and 507(a)(8) of the Bankruptcy Code.

**1.50  Post-Confirmation Expenses** means all reasonable fees, expenses and disbursements of Professional Person incurred after the Confirmation Date.

**1.51  Professional** means (a) any professional employed in the Chapter 11 Case pursuant to sections 327, 328, or 1103 or otherwise of the Bankruptcy Code and (b) any professional or other entity seeking compensation or reimbursement of expenses in connection with the Chapter 11 Cases pursuant to section 503(b)(4) of the Bankruptcy Code.

**1.52  Professional Fees** means all allowances of compensation and reimbursement of expenses Allowed, or to be allowed pursuant to Section 330 or 331 of the Bankruptcy Code, to any Professional Person retained pursuant to Section 327 of the Bankruptcy Code.

**1.53  Proof of Claim** means the proof of claim that must be filed on or before the Bar Date or such other date as prescribed by the Bankruptcy Court.

**1.54  Released Parties** means any of the Debtor and its agents, advisors, attorneys, and representatives.

**1.55  Schedules** means the schedules of assets and liabilities and the statement of financial affairs filed by the Debtor pursuant to Section 521 of the Bankruptcy Code and

the Bankruptcy Rules, as such schedules have been or may be further modified, amended or supplemented in accordance with Bankruptcy Rule 1009 or orders of the Bankruptcy Court.

**1.56 Tax Claim** means all or that part of a Claim held by a Governmental Unit for a tax assessed or assessable against the Debtor, including income and employment taxes and any related penalties or interest.

**1.57 Unclassified Claims** means Administrative, Priority and Tax Claims.

**1.58 Unimpaired** means a Claim that is not impaired within the meaning of Section 1124 of the bankruptcy Code.

**1.59 Unsecured Claims** means any Claims which do not qualify as an Administrative Claim, Priority Claim or Secured Claim.

**1.60 Unsecured Creditor** means the holder of an Unsecured Claim.

**1.61 Voting Deadline** means the date and time, as fixed by an order of the Bankruptcy Court and set forth in the Disclosure Statement, by which all Ballots to accept or reject the Plan must be received in order to be counted.

### C.    Rules of Interpretation

The provisions of the Plan shall control over any descriptions contained in the Disclosure Statement. Where the Plan refers to "any contract, instrument, or other agreement or document created in connection with the Plan," the provisions of such c o n t r a c t, instrument, or other agreement or document shall control over any i n c o n s i s t e n c y with the terms of the Plan, and the Plan will be interpreted to avoid any inconsistencies with the provisions of such contract, instrument, or other agreement or document.

1.    Without limiting foregoing, the rules of construction set forth in Bankruptcy Code §102 shall apply. The definitions and rules of construction contained herein do not apply

to the Disclosure Statement or to the Exhibits to the Disclosure Statement except to the extent expressly so stated in the Disclosure Statement.

2.    The words "herein," "hereto," "hereunder" and others of similar import refer to the Plan as a whole and not to any particular Article, Section, subsection or clause contained in the Plan.

3.    Unless specified otherwise in a particular reference, all references in the Plan to Articles, Sections and Exhibits are references to Articles, Sections and Exhibits of or to the Plan.

4.    Any reference in the Plan to an existing document or Exhibit means such document or Exhibit as it may have been amended, restated, modified, or supplemented as of the Effective Date.

5.    Captions and reference to Articles and Sections in the Plan are inserted for convenience only and shall neither constitute a part of the Plan nor in any way affect the interpretation of any provisions hereof.

### D.    Computation of Time

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

### E.    Governing Law

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) and except as otherwise provided herein or therein, the laws of the State of New York shall govern the construction and implementation of the Plan and any agreements, documents and instruments executed in connection with the Plan.

## ARTICLE II

## CLASSIFICATION OF CLAIMS

### A. Introduction:

All Claims except Administrative Claims and Bankruptcy Fees placed in the Classes set forth before below. In accordance with Section 1123(a)(I) of the Bankruptcy Code, Priority Tax Claims have not been classified. A claim is placed in a particular Class only to the extent that the Claim falls within the description of that Class, and is classified in other Classes to the extent that any portion of the Claim falls within the description of the other Classes. A Claim is also placed in a particular Class for the purpose of receiving distributions pursuant to the Plan only to the extent that such Claim is Allowed in that Class and the Claim has not been paid, released or otherwise settled prior to the Effective Date.

### B. Unclassified Claims

  1. Administrative Claims

  2. Bankruptcy Fees.

### C. Priority Claims

Allowed Priority Tax claims divided in the following Classes:

**Class I** - Secured Priority Tax Claims:

(i)     Secured priority claim of New York State Department of Taxation and Finance in the amount of $268,288.98 comprising base taxes and accumulated interest;

(ii)    Secured priority claim of Internal Revenue Service in the amount of $100,000.00 comprising base taxes and accumulated interest;

**Class II** - Unsecured Priority Tax Claims:

(i)     Unsecured Priority claim of the New York State Department of Taxation and

Finance in the amount of $ 55,439.96 comprising base taxes and accumulated interest;

(ii)    Unsecured Priority claim of Internal Revenue Service in the amount of $ 249,238.91 comprising base taxes and accumulated interest;

**Class III** - Unsecured Priority Tax Claims:

(i)    New York State Department of Labor with a priority claim in the amount of $ 31,034.43;

(ii)    NYC Department of Finance Bankruptcy and Assignment Unit with priority claim in the amount of $ 7,774.88;

**D. Class IV** consists of the claims of general unsecured creditors in the Debtor's case totaling approximately $ 454,943.62.

**E. Class V** consists of the claims of disputed general unsecured creditors in the Debtor's case totaling approximately $603,597.84.

**F.** Akiva Ofshtein, the **Class VI** interest holder.

**ARTICLE III**

**TREATMENT OF CLAIM**

1.    **Administrative Claims**

Administrative claims consist of the Debtor's duly retained professionals and any other administrative expenses allowed under Section 503 of the Bankruptcy Code.

Administrative Claims will include the fees and expenses of the Debtor's Counsel, Alla Kachan, Esq., in the approximate amount of $3,000.00 (through confirmation, exclusive of the pre-petition retainer received prior to the Petition Date in the amount of $12,000.00 from the Debtor).

Wisdom Professional Services Inc. asserts a claim for the fees and expenses as

accountants for the Debtor, in the approximate amount of $5,000.00 (through confirmation, exclusive of the pre-petition retainer received prior to the Petition Date in the amount of $1,000.00 from the Debtor).

Internal Revenue Service assets an administrative claim in the approximate amount of $1,365.98.

New York State department of taxation and Finance assets an administrative claim in the approximate amount of $18,191.77.

New York State Department of Labor assets an administrative claim in the approximate amount of $24, 314.71.

The claims of Debtor's professionals shall be subject to final fees applications pursuant to Bankruptcy Code Section 330 and orders of the Court approving the fees and expenses as sought by this application. The Debtor estimates that the total administrative fees paid to professionals will equal to **$51,872.46.** The Debtor is currently engaging in negotiating with all agencies aserting an administrative claim in order to secure a repayment plan of the claims.

In order to confirm the Plan, it is necessary for the Debtor to satisfy the Administrative Claims in full at or before Confirmation or have the holder of each Administrative Claim agree to a different treatment.

    **2.**    **Statutory Bankruptcy Fee**

All Bankruptcy fees and charges assessed against the Debtor under 28 U.S. § 1930(a)(6) payable to the United States Trustee shall be paid in cash by the Effective Date, with any applicable interest thereon. Thereafter, such fees and any applicable interest shall continue to be paid by the Debtor until Debtor's case is closed by entry of a final decree, converted, or dismissed.

The Debtor shall pay all United States Trustee quarterly fees under 28 U.S.C. §1930(a)(6), plus interest due and payable under 31 U.S.C. § 3717 on all disbursements, including Plan payments and disbursements in and outside the ordinary course of the Debtor's affairs, until the entry of a Final Decree, dismissal of the Chapter 11 Case or conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code. Additionally, the Debtor shall file quarterly Post Confirmation Reports and schedule quarterly post-confirmation status conferences with the Court.

3.    **Priority Claims**

**Class I** - Secured Priority Tax Claims:

(i)    Secured priority claim of New York State Department of Taxation and Finance in the amount of **$268,288.98** comprising base taxes and accumulated interest shall be paid in full within sixty (60) months of the Confirmation Date or have the holder of the Priority Claim agree to a different treatment, together with 6% rate of interest compounded daily in equal monthly installments of **$5,186.78**.

(ii)    Secured priority claim of Internal Revenue Service in the amount of **$100,000.00** comprising base taxes and accumulated interest shall be paid in full within sixty (60) months of the Confirmation Date or have the holder of the Priority Claim agree to a different treatment, together with Federal short term interest rate 3% plus 3 percentage points, totaling a 6% rate of interest compounded daily rate of interest in equal monthly installments of **$1,933.28**.

(iii)    The class I creditors are impaired and are entitled to vote on the Plan.

**Class II** - Unsecured Priority Tax Claims:

(i)    Unsecured Priority claim of the New York State Department of Taxation and Finance in the amount of **$ 55,439.96** comprising base taxes and accumulated interest shall be

paid in full within sixty (60) months of the Confirmation Date or have the holder of the Priority Claim agree to a different treatment, together with a 6% rate of interest compounded daily in equal monthly installments of **$ 1,071.81.**

(ii)    Unsecured Priority claim of Internal Revenue Service in the amount of **$ 249,238.91** comprising base taxes and accumulated interest shall be paid in full within sixty (60) months the Confirmation Date or have the holder of the Priority Claim agree to a different treatment, together with Federal short term interest rate 3% plus 3 percentage points, totaling a 6% rate of interest compounded daily in equal monthly installments of **$ 4,816.55.**

The class II creditors are impaired and are entitled to vote on the Plan.

**Class III** - Unsecured Priority Tax Claims:

(i)    New York State Department of Labor with a priority claim in the amount of **$31,034.43** shall be paid in full within sixty (60) months of the Confirmation Date in equal monthly installments of **$517.24**;

(ii)    NYC Department of Finance Tax Audit and Endorsement Division with priority claim in the amount of $7,774.88 shall be paid in full within sixty (60) months of the Confirmation Date in equal monthly installments of **$129.58**;

Class III Claims are unimpaired and not entitled to vote pursuant to §1124 of the Bankruptcy Code.

**4.    General Unsecured Claim**

**Class IV-** *(Unsecured Claim)* - Class IV consists of the claims of general unsecured creditors in the Debtor's case totaling approximately $ 454,943.62.

The Debtor proposes to pay the Unsecured Creditors ten percent (10%) dividend of their allowed claims in sixty (60) equal monthly installments effective thirty (30) days after the

Effective Date of this Plan. The class IV creditors are impaired and are entitled to vote on the Plan.

| Members of Class IV | Aggregate Dollar Amount of Claims in | Plan Treatment of Class IV | 10% Dividend | Monthly payment |
|---|---|---|---|---|
| Arrow Linen Supply Company Inc | $7,049.22 | 10% dividend in 60 monthly installment payments | $704.92 | $11.75 |
| Badlor Specialty Foods | $5,539.08 | 10% dividend in 60 monthly installment payments | $553.91 | $9.23 |
| Brooklyn Nets, LLC | $13,500.00 | 10% dividend in 60 monthly installment payments | $1,350.00 | $22.50 |
| Chief Fire Protection | $257.89 | 10% dividend in 60 monthly installment payments | $25.79 | $0.43 |
| D'Artagnan | $2,164.88 | 10% dividend in 60 monthly installment payments | $216.49 | $3.61 |
| Endicott Meats | $8,023.93 | 10% dividend in 60 monthly installment payments | $802.39 | $13.37 |
| Fang Realty Inc., pre-petition rent arrears | $182,712.92 | 10% dividend in 60 monthly installment payments | $18,271.29 | $304.52 |
| Go Fresh Produce | $1,234.65 | 10% dividend in 60 monthly installment payments | $123.47 | $2.06 |
| Internal Revenue Service, Penalties accessed | $98,085.49 | 10% dividend in 60 monthly installment payments | $9,808.55 | $163.48 |
| National Grid | $6,608.07 | 10% dividend in 60 monthly installment payments | $660.81 | $11.01 |
| NYC Office of Administrative Trials & Hearing | $6,536.36 | 10% dividend in 60 monthly installment payments | $653.64 | $10.89 |
| NYS Department of Taxation and Finance, Penalties accessed | $100,862.61 | 10% dividend in 60 monthly installment payments | $10,086.26 | $168.10 |
| Paper Enterprises | $1,358.43 | 10% dividend in 60 monthly installment payments | $135.84 | $2.26 |
| Samuels & Son Seafood, Co | $2,855.10 | 10% dividend. in 60 monthly installment payments | $285.51 | $4.76 |
| Sysco Long Island, LLC | $6,145.15 | 10% dividend in 60 monthly installment payments | $614.52 | $10.24 |
| Two Cousins Fish Market, Inc. | $5,501.55 | 10% dividend in 60 monthly installment payments | $550.16 | $9.17 |
| The Brooklyn Union Gas Company | $2,495.54 | 10% dividend in 60 monthly installment payments | $249.55 | $4.16 |
| Satur Farms, LLC | $3,087.75 | 10% dividend in 60 monthly installment payments | $308.78 | $5.15 |
| Wesco Insurance Company | $925.00 | 10% dividend in 60 monthly installment payments | $92.50 | $1.54 |
| Total: | $454,943.62 | | $45,494.36 | $758.24 |

### 5.    Disputed General Unsecured Claim

*Class V- (Unsecured Claim)* - Class V consists of the claims of disputed general unsecured creditors in the Debtor's case totaling approximately $603,597.84.

The Debtor proposes to pay the Disputed Unsecured Creditors ten percent (10%) dividend of their allowed claims in sixty (60) equal monthly installments effective thirty (30) days after the Effective Date of this Plan. The class V creditors are impaired and are entitled to vote on the Plan.

| Members of Class V | Aggregate Dollar Amount of Claims in | Plan Treatment of Class V | 10% Divident | Monthly payment |
|---|---|---|---|---|
| A. Sterm Meat Product | - | | | |
| ACE Endico Corp. | $4,397.70 | 10% dividend in 60 monthly installment payments | $439.77 | $7.33 |
| All in one entertainment | $805.00 | 10% dividend in 60 monthly installment payments | $80.50 | $1.34 |
| Amy's Bread | $310.56 | 10% dividend in 60 monthly installment payments | $31.06 | $0.52 |
| Aramark Uniform Services | $13,162.27 | 10% dividend in 60 monthly installment payments | $1,316.23 | $21.94 |
| Bank Direct Capital Finance | $8,441.58 | 10% dividendin 60 monthly installment payments | $844.16 | $14.07 |
| Bartlett Dairy , Inc. | $313.05 | 10% dividend in 60 monthly installment payments | $31.31 | $0.52 |
| Bein Cuit | $1,072.10 | 10% dividend in 60 monthly installment payments | $107.21 | $1.79 |
| Borax Paper Products , Inc | $3,110.44 | 10% dividend in 60 monthly installment payments | $311.04 | $5.18 |
| Brooklyn Brewery | $237.93 | 10% dividend in 60 monthly installment payments | $23.79 | $0.40 |
| Capital One | $2,361.41 | 10% dividend in 60 monthly installment payments | $236.14 | $3.94 |
| CCAuthiriz Paisanos Prov | | | $0.00 | $0.00 |
| Dairyland USA Corp. | $13,229.60 | 10% dividend in 60 monthly installment payments | $1,322.96 | $22.05 |
| DeBragga&Spitler Inc. | $14,528.78 | 10% dividend in 60 monthly installment payments | $1,452.88 | $24.21 |
| Domaine Select Merchants | $6,053.61 | 10% dividend in 60 monthly installment payments | $605.36 | $10.09 |
| Dutch Girl Cheese | $698.12 | 10% dividendin 60 monthly installment payments | $69.81 | $1.16 |
| Ecolab | $3,196.80 | 10% dividend in 60 monthly installment payments | $319.68 | $5.33 |
| Endicott Meats | $8,023.93 | 10% dividend in 60 monthly installment payments | $802.39 | $13.37 |
| Environmental Control Boa | $2,000.00 | 10% dividend in 60 monthly installment payments | $200.00 | $3.33 |
| FedEx | $673.06 | 10% dividend in 60 monthly installment payments | $67.31 | $1.12 |
| Fossil Farms | $771.74 | 10% dividend in 60 monthly installment payments | $77.17 | $1.29 |
| Integrity Payment System | | | $0.00 | $0.00 |
| Intellig Roasting & Tea | $1,635.39 | 10% dividend in 60 monthly installment payments | $163.54 | $2.73 |
| ISG Capital, INC | $245,000.00 | 10% dividend in 60 monthly installment payments | $24,500.00 | $408.33 |
| Kingston Check Cashing Co | $961.78 | 10% dividend in 60 monthly installment payments | $96.18 | $1.60 |
| Lobster Place | $7,072.13 | 10% dividend in 60 monthly installment payments | $707.21 | $11.79 |
| Magnifique Cleaninig Ser | $1,306.54 | 10% dividend in 60 monthly installment payments | $130.65 | $2.18 |
| Merchants Capital Access | | | $0.00 | $0.00 |
| Merchants Capital Access | $150,000.00 | 10% dividend in 60 monthly installment payments | $15,000.00 | $250.00 |
| Michael Skurnik Wines | $2,860.00 | 10% dividend in 60 monthly installment payments | $286.00 | $4.77 |

| | | | | |
|---|---|---|---|---|
| MHW LTD | $1,553.52 | 10% dividend  in 60 monthly installment payments | $155.35 | $2.59 |
| M. Tucker | $416.91 | 10% dividend  in 60 monthly installment payments | $41.69 | $0.69 |
| Network Services Company | $1,345.45 | 10% dividend  in 60 monthly installment payments | $134.55 | $2.24 |
| NY City Health Deptmnt | $1,120.00 | 10% dividend  in 60 monthly installment payments | $112.00 | $1.87 |
| On Hold Marketing | $1,199.25 | 10% dividend  in 60 monthly installment payments | $119.93 | $2.00 |
| Opici Wine Group | $1,780.78 | 10% dividend in 60 monthly installment payments | $178.08 | $2.97 |
| Paisanos Provisions | $792.39 | 10% dividend  in 60 monthly installment payments | $79.24 | $1.32 |
| Perfomance Foodservice | $7,000.00 | 10% dividend  in 60 monthly installment payments | $700.00 | $11.67 |
| Piccinini Brothers, Inc. | $5,899.98 | 10% dividend  in 60 monthly installment payments | $590.00 | $9.83 |
| Pipe Dream | $517.14 | 10% dividend  in 60 monthly installment payments | $51.71 | $0.86 |
| Priority Payment System | $50,000.00 | 10% dividend  in 60 monthly installment payments | $5,000.00 | $83.33 |
| Sea Creast Linen | $2,938.33 | 10% dividend  in 60 monthly installment payments | $293.83 | $4.90 |
| Sid Wainer & Son | $5,877.34 | 10% dividend  in 60 monthly installment payments | $587.73 | $9.80 |
| Super PC System, Inc | | | $0.00 | $0.00 |
| Sysco Long Island, LLC | $6,145.15 | 10% dividend  in 60 monthly installment payments | $614.52 | $10.24 |
| The Cousins Fish Market | $5,616.84 | 10% dividend in 60 monthly installment payments | $561.68 | $9.36 |
| The Lobster Place, Inc. | $5,291.00 | 10% dividend in 60 monthly installment payments | $529.10 | $8.82 |
| The Pay-O-Matic Corp. | $800.00 | 10% dividend in 60 monthly installment payments | $80.00 | $1.33 |
| Tom Cat Bakery, Inc. | $8,900.00 | 10% dividend in 60 monthly installment payments | $890.00 | $14.83 |
| TransFirst | | | $0.00 | $0.00 |
| USA Wine Imports | $1,232.02 | 10% dividend  in 60 monthly installment payments | $123.20 | $2.05 |
| Verizon | $556.37 | 10% dividend  in 60 monthly installment payments | $55.64 | $0.93 |
| Warwick Valley Wine | $180.00 | 10% dividendin 60 monthly installment payments | $18.00 | $0.30 |
| Western Pest Services | $591.47 | 10% dividend  in 60 monthly installment payments | $59.15 | $0.99 |
| Winebow | $1,620.38 | 10% dividend in 60 monthly installment payments | $162.04 | $2.70 |
| Total: | $603,597.84 | | $60,359.78 | **$1,006.00** |

Akiva Ofshtein, the **Class VI** interest holder, shall retain his interest in the Debtor following Confirmation in consideration of the new value contribution being made by him as the equity holder toward the payment of general unsecured creditor claims. The new value contribution shall consist of monthly supplementary payments by Mr. Ofshtein, toward the Debtor's plan payments, in the approximate sums between $4,000.00-6,000.00 monthly.

.

## ARTICLE IV

## ACCEPTANCE OR REJECTION OF THE PLAN

**A.     Impaired Classes of Claims entitled to Vote**

The Holders of Claims in Classes I, II, IV and V are entitled to vote to accept or reject the Plan, and the votes of the Holders of claims in said Classes will be solicited.

**B.     Impaired Classes of Claims entitled to Vote**

In accordance with Section 1126(c) of the Bankruptcy Code and except as provided in Section 1126(e) of the Bankruptcy Code, an Impaired Class or Claims shall have accepted the Plan if the Plan is accepted by the Holders of at least two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Allowed Claims of such Class that have timely and properly voted.

## ARTICLE V

## MEANS FOR IMPLEMENTATION THE PLAN

**A.     Implementing Action**

The entity's reorganization plan is to maximize revenue by hiring one permanent manager, who receives a year end incentive bonus and is therefore directly interested in the business's successful operation. Moreso, streamlining the business operations and cutting down

on unnecessary staff and re-evaluating vendors to cut down costs. Increased marketing of weekly theme parties and events will allow the business to be less dependent on seasonal fluctuations.

Mr. Ofshtein will be making a monetary contribution for the new marketing expenses out of personal funds toward the which constitute new value, in order to retain his equity interest in Prime Six. Inc.

### B.    Post-Effective Date Costs

From and after the Effective Date and without further order of the Bankruptcy Court, the Debtor shall pay the fees and expenses of its Professionals in the ordinary course of business including, without limitations, those fees and expenses incurred in connection with the implementation and consummation of the Plan.

### C.    Preservation of Causes of Action

In accordance with Section 1123(b)(3) of the Bankruptcy Code and except as otherwise provided in an order of the Bankruptcy Court the Debtor and its Estate shall retain all of the causes of action arising under applicable state laws, including, without limitation, the Causes of Action, Avoidance Actions, if any, and all other causes of action of a trustee and debtor in possession under the Bankruptcy Code.

## ARTICLE VI

## DISTRIBUTION UNDER THE PLAN

### A.    The Disbursing Agent(s)

The reorganized Debtor shall act as Disbursing Agent(s) under the Plan, subject to the terms and provisions of the Plan. The Disbursing Agent shall not be required to give any bond or surety or other security for the performance of its duties unless otherwise ordered by

the Bankruptcy court or required by the Bankruptcy Code or the Bankruptcy Rules.

### B.    Cash Payments

Cash payments made pursuant to the Plan will be made on the Effective Date in U.S. Dollars by checks drawn on a banking institution that is an authorized depository in the Eastern District of New York selected by the Debtor or by wire transfer from a banking institution that is an authorized depository in the Eastern district of New York at the option of the Debtor.

### C.    Transmittal of Distribution

All distributions shall be deemed made at the time such distribution is deposited in the United States mail, postage prepaid. Except as otherwise agreed with the holder of an Allowed Claim or Allowed Interest such distribution shall be distributed by mail to (i) the latest mailing address filed of record for the party entitled thereto or to a Holder of a power of attorney designated by such Holder to receive such distributions or (ii) if no such mailing address has been so filed, the mailing address reflected upon the filed Schedules of Assets and Liabilities or in the Debtor's books and records.

### D.    Undeliverable Distribution

If any distribution is returned to a disbursing Agent as undeliverable or is otherwise unclaimed, no further distributions shall be made to the Holder of the Allowed Claim or Allowed Interest on which such distribution was made unless and until the Debtor is notified in writing of such Holder's then-current address, at which time all missed Distributions shall be made to the Holder without interest. Undeliverable distributions shall remain in the possession of the Debtor until such time as a distribution becomes deliverable or is deemed canceled (as hereinafter provided). Any unclaimed distribution held by Debtor

shall be accounted for separately, but the Disbursing Agent shall be under no duty to invest any such unclaimed distribution in any manner. Any Holder of an Allowed Claim or Allowed Interest that does not present a claim for an undeliverable distribution within one hundred eighty (180) days after the date upon which a distribution is first made available to such Holder shall have its rights to such distribution discharged after service by the Debtor with a waiver notice detailing the creditor(s) name and distribution amount, and shall be forever barred from asserting any such Claim or Interest against the Debtor or its property or against any other Person, including the Debtor. All unclaimed or undistributed distributions shall, pursuant to Bankruptcy Code Section 347(b) be the property of the Debtor and shall be treated as determined by the Debtor in its sole and absolute discretion.

### E.    Interest on Claims

Post-petition interest shall not accrue or be paid on any Claims, and no Holder of a Claim shall be entitled to interest accruing on or after the Petition Date on any Claim unless otherwise specifically provided for in the Confirmation Order, or required by applicable bankruptcy law.

### F.    Withholding and Reporting Requirements

In accordance with Section 346 of the Bankruptcy Code and in connection with the Plan and all distributions hereunder, the Disbursing Agent shall, to the extent applicable, comply with all withholding and reporting requirements imposed by any federal, state, provincial, local or foreign taxing authority. The Disbursing Agent shall be authorized to take any and all actions necessary and appropriate to comply with such requirements. As a condition of making any distribution under Plan, the Disbursing Agent may require the Holder of an Allowed Claim to provide such Holder's taxpayer identification number, and

such other information, certification or form as necessary to comply with applicable tax reporting and withholding laws. Notwithstanding any other provision of the Plan, each Person receiving a Distribution pursuant to the Plan shall have sole and exclusive responsibility for the satisfaction and payment of tax obligations on account of any such Distribution.

## ARTICLE VII

### CONFIRMATION AND CONSUMMATION OF THE PLAN

The following are conditions precedent to the occurrence of the Effective Date, each of which must be satisfied or waived in writing: (i) The Confirmation Order shall have been entered and become a Final Order and shall provide that the Debtor is authorized and directed to take all actions necessary or appropriate to enter into, implement and consummate the agreements or documents created in connection with the Plan or effectuate advance or further the purposes thereof; (ii) All other actions, documents, and agreements necessary to implement the Plan shall have been effected or executed; and (iii) The Debtor shall have sufficient Cash to enable all required payments necessary to Confirmation to be made.

If the Effective Date does not timely occur, the Debtor reserve all rights to seek an order from the Bankruptcy Court directing that the Confirmation Order be vacated, that the Plan be null and void in all respects, and/or that any settlement of Claims provided for in the Plan be null and void. If the Bankruptcy Court enters an order vacating the Confirmation Order, the time within which the Debtor may assume and assign, or reject all executory contracts and unexpired leases not previously assumed, assumed and assigned, or rejected, shall be extended for a period of 30 days after the date the Confirmation Order is vacated, without prejudice to further extensions.

## ARTICLE VIII

### PROCEDURES FOR RESOLVING DISPUTED CLAIMS

**A.    Time Limit for Objections to Claims**

Objections to Claims shall be filed by the Debtor with the Court and served upon each Holder of each of the Claims to which objections are made, not later than sixty (60) days subsequent to the Confirmation Date or with such other time period as may be fixed by the Court.

**B.    Resolution of Disputed Claims**

Unless otherwise ordered by the Court, the Debtor shall litigate to judgment, settle or withdraw objections to Disputed Claims, in its sole discretions, without notice to any party in interest.

Notwithstanding any other provision of the Plan, no Distributions shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to the Disputed Claim have been settled or withdrawn or have been determined by Final Order, and the Disputed Claim, or some portion thereof, has become an Allowed Claim. To the extent that a Claim is not a Disputed Claim but is held by a Holder that is or may be liable to the Debtor on account of a Cause of Action, no Distributions shall be made with respect to all or any portion of such Claim unless and until such Claim and liability have been settled or withdrawn or have been determined by Final Order of the Bankruptcy Court or such other court having jurisdiction over the matter.

**C.    Distribution after Allowance**

Distributions to the Holder of a disputed claim, to the extent that it ultimately becomes an Allowed claim, will be made in accordance with provisions of the Plan that

govern distributions to Holders in that Class.

### D.    Estimation

The Debtor may, at any time, request that the Bankruptcy Court estimate any contingent, unliquidated, or Disputed Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether the Debtor previously objected to such Claim. The Bankruptcy Court shall retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including, without limitation, during the pendency of any appeal relating to any such objection. In the event that the Bankruptcy Court estimates any contingent, unliquidated, or Disputed Claim, the amount so estimated shall constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Debtor may pursue supplementary proceedings to object to the allowance of such Claim. All of the aforementioned objection, estimation, and resolution procedures are intended to be cumulative and not exclusive of one another. On and after the Effective Date, Claims that have been estimated may be compromised, settled, withdrawn, or otherwise resolved subsequently, without further order of the Bankruptcy Court.

## ARTICLE IX

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### A.    Rejected Contracts and Leases

Except as otherwise provided in the Confirmation Order or the Plan, the Confirmation Order shall constitute an order under Section 365 of the Bankruptcy Code rejecting all pre-petition executor contracts and unexpired leases to which the Debtor is a party, to the

extent such contracts or leases are executor contracts or unexpired leases, on and subject to the occurrence of the Effective Date, unless such contract or lease (a) previously shall have been assumed, assumed and assigned, or rejected by the Debtor, (b) previously shall have expired or terminated pursuant to its own terms before the Effective Date, or (c) is the subject of a pending motion to assume or reject on the Confirmation Date.

### B.  Bar to Rejection Damages

If the rejection of an executor contract or unexpired lease gives rise to a Claim by the other party or parties to the contract or lease, the Claim shall be forever barred and shall not be enforceable against the Post-Confirmation Debtor, unless a Proof of Claim is filed and served on the Post- Confirmation Debtor within 30 days after service of a notice of the Effective Date or such other date as is prescribed by the Bankruptcy Court.

### ARTICLE X

### DEFAULT

The Debtor shall be deemed in default if it fails to make timely payments to any creditors as provided for in the Plan and the Debtor and each creditor shall abide by the following:

1.Upon written receipt from any creditor of notice of default relating to payments, the Debtor shall have a period of thirty (30) days from receipt of such notice to cure such default, during such 30-day period, the creditors shall take no action to terminate the Debtor's Plan. If such default is cured by the Debtor within the 30-day period, the Plan shall continue in full force and effect. Any notices of default under the Plan shall be served upon the Debtor and Debtor's attorney.

2.If full payment of the default amount is not paid by the Debtor within thirty (30)

days of such demand, the Internal Revenue Service and/or New York State Department of Taxation and Finance may collect any unpaid liabilities through governing administrative collection provisions, and the automatic stay of 11 U.S.C. §363(a) is lifted for this purpose without further order of the court.

3.If Debtor fails to make any post-confirmation deposits, fails to pay any post-confirmation tax liability or fails to file post-confirmation tax returns by the due date of the tax return, then after 5-days written notice of default to Debtor and Debtor's counsel and Debtor's failure to cure, the United States and/or the New York State Department of Taxation and Finance may declare a default of the Plan.

4.    If full payment is not made within thirty (30) days of demand, then the Internal Revenue Service may collect the entire imposed liability, together with any unpaid current liabilities, plus accruals, shall become due and payable immediately, through the administrative collection provisions of the Internal Revenue Code, and the automatic stay of 11 USC 362(a) is lifted for this purpose without further order of the Court.

## ARTICLE XI

## DISCHARGE AND INJUNCTION

### A.    Discharge of the Debtor

Pursuant to Section 1141(d)(5) of the Bankruptcy Code, upon the Effective Date, the Debtor will be discharged from any claim that arose prior to the petition date whether or not the Holder of the Clam has accepted the Plan, except that the debtor may, by separate motion and after notice and a hearing seek discharge for cause. Pursuant to Section 1141(d)(2) of the Bankruptcy Code, the Debtor will not be discharged from any debt excepted from discharge under section 523 of this title.

**B.    Release by the Debtor**

To the extent permitted by Section 1125(e) of the Bankruptcy Code on the Effective Date, the Debtor and its Estate shall be released unconditionally, and hereby deemed to forever release unconditionally, (i) Debtor's Professionals from any and all claims, obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever (other than the right to enforce the performance of their respective obligations, if any, to the Debtor under the Plan, and the contracts and other agreements delivered under the Plan), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, directly or derivatively, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act or omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtor, the Chapter 11 Case, the Plan or the Disclosure Statement provided, however, that notwithstanding the foregoing nothing contained herein is intended to or shall operate as a release of any claims for fraud, willful misconduct or gross negligence.

C. **Injunction**

Except as otherwise provided in the Plan, the Confirmation Order shall provide, among other things, that from and after the Effective Date all Persons who have held, hold or may hold Claims against the Debtor are permanently enjoined from taking any of the following actions against the Debtor, its Estate, or any of their property on account of any such Claims: (1) commencing or continuing, in any manner or in any place, any action or other proceeding; (2) enforcing, attaching, collecting or recovering in any manner, any judgment, award, decree or order; (3) creating, perfecting or enforcing any lien or

encumbrance; (4) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor unless authorized under the Plan; (5) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; provided, however, that nothing contained in the Plan shall preclude such Persons from exercising their rights pursuant to an d consistent with the terms of the Plan or the Confirmation Order.

### D.    Limitation of Liability

Except as otherwise provided in the Plan, the Debtor and its Professionals and any of such parties' successors and assigns, shall not have or incur any claim, action, proceeding, Cause of Action, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, right to payment or Claim (as defined) in Section 101(4) of the Bankruptcy Code), whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether asserted or assertable directly or derivatively, in law equity or otherwise to one another or to any Holder of a Claim, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or any of their successors or assigns, for any act or omission originating or occurring on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Debtor, the Chapter 11 Case, negotiation and filing of the Plan or any prior plans, filing Chapter 11 Case, the pursuit of confirmation of the Plan or any prior plans, the consummation of the Plan, the administration of the Plan or the property to be liquidated other than resulting from and/or gross negligence as determined by a Final Order of a court of competent jurisdiction, and in all respects shall be

entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. Nothing herein shall abrogate the requirements of any applicable professional disciplinary rules.

### E.    Terms of Bankruptcy Injunction or Stays

All injunctions or stays provided for in the Chapter 11 Case under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date unless otherwise provided in this Plan. Upon the Effective Date, the injunction provided in Article XI(D) shall apply.

## ARTICLE XII

## RETENTION OF JURISDICTION

The Court shall retain and have exclusive jurisdiction over the Chapter 11 Case for the following purposes:

1. to determine any and all objections to the allowance of claims;

2. to determine any and all pending applications for the rejection or assumption of executor contracts or unexpired leases to which the Debtor is a party or with respect to which it may be liable, and to hear and determine, and if not be to liquidate, any and all Claims arising therefrom;

3. to determine any and all applications, adversary proceedings, and contested or litigated matters, to set aside liens or encumbrances and to recover any preferences, transfers, assets or damages to which the Debtor may be entitled under applicable provisions of the Bankruptcy Code or other federal, state or local law;

4. to consider any modifications of the Plan, any defect or omission or reconcile any inconsistency in any order of the Bankruptcy Code, including the Confirmation Order,

to the extent authorized by the Bankruptcy Code or other applicable law;

5. to determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of the Plan, including disputes between or among classes of claimants under the Plan regarding allocations or payments of distribution hereunder;

6. to consider and act on the compromise and settlement of any claim against or cause of action by or against the Debtor or the Debtor's estate;

7. to determine such other matters which may be set forth in the Confirmation Order or which may arise in connection with the Plan, including, but not limited to, extending and time limits provided in the Plan and to implement the transfer of the fee simple interest in the Premises to Debtor;

8. to fix the allowance of compensation of professionals;

9. Enforce all orders previously entered by the Bankruptcy Court; and

10. Enter a Final Decree closing the Chapter 11 Case.

## ARTICLE XIII

### GENERAL PROVISIONS

**A.    Modification and Amendments**

The Debtor may alter, amend or modify the Plan or any Exhibits under Section 1127(a) of the Bankruptcy code at any time prior to the Confirmation Date. After the Confirmation Date and prior to substantial consummation of the Plan as defined in Section 1101(2) of the Bankruptcy Code, the Debtor may, under Section 1127(b) of the Bankruptcy Code, institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement or the Confirmation Order, and

such matters as may be necessary to carry out the purpose and effect of the Plan so long as such proceedings do not adversely affect the treatment of Holders of Claims under the Plan; provided, however, that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or order of the Bankruptcy Court.

### B. Severability

If any provision in this Plan is determined to be invalid, void or unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

### C. Binding Effect

The Plan shall be binding upon and inure to the benefit of the Debtor, all present and former Holders of Claims and their respective successors and assigns.

### D. Successors and Assigns

The rights, benefits and obligations of any Person named or referred to in the Plan shall be binding on, and shall insure to the benefit of, any heir, executor, administrator, successor or assign of that Person.

### E. Final Decree

Pursuant to Local Bankruptcy Rule 3022-1, within fifteen (15) days following the substantial administration of the estate, the Debtor or the Reorganized Debtor shall file, on notice to the United States Trustee, an application and a proposed order for a final decree closing this case.

### F. Post-Confirmation Report

The Debtor shall be required to file quarterly post-confirmation status reports until the case is closed, converted, or dismissed whichever happens earlier.

### G.    Notice and Service of Documents

Any notice, request or demand required or permitted to be made or provided to or upon the Debtor under the Plan shall be (a) in writing, (b) served by (i) hand delivery, (ii) overnight delivery service, (iii) first class mail, (iv) email or (v) facsimile transmission, (c) deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed and (d) addressed as follows:

**Law Offices of Alla Kachan, P.C.**
**3099 Coney Island Avenue, 3rd Floor**
**Brooklyn, NY 11235**
**Phone: (718) 513-3145**
**Fax:(347)-342-3156**
**alla@kachanlaw.com**

### H.    Plan Exhibits

Any and all Plan Exhibits, or other lists or schedules not filed with the Plan shall be filed with the Clerk of the Bankruptcy Court at least three business Days prior to the date of the commencement of the Confirmation Hearing. Upon filing, those documents may be inspected in the office of the Clerk of the Bankruptcy Court during normal court hours. Holders of Claims may obtain a copy of any document upon request to the Debtor.

### I.    Filing of Additional Documents

On or before substantial consummation of this Plan, the Debtor shall file such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

Dated: Brooklyn, New York              Debtor and Debtor-in-Possession By:
July 22, 2016                                      */s/ Akiva Ofshtein*
                                                          The president of Prime Six, Inc.

*/s/ Alla Kachan*
Alla Kachan, Esq.
Law Offices of Alla Kachan, PC
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718)-513-3145
Fax.: (347)-342-3156

# EXHIBIT B

## Luiqidation Analysis of Prime Six Inc

### AVAILABLE FUNDS

| | | |
|---|---|---|
| Proceeds available from sale of Property at FMV | $ | 32,095.00 |
| Cash in Debtor's bank account now | $ | 19,935.00 |
| Cash on Hand | $ | 6,218.52 |
| Security deposit | $ | 46,917.00 |
| Proceesds from sale of inventory | $ | 36,766.20 |
| **Total available for distribution** | **$** | **141,931.72** |

### CLAIMS

| | | |
|---|---|---|
| Chapter 7 Trustee fees | $ | 6,000.00 |
| Trustee's counsel | $ | 4,000.00 |
| Other reorganizational expenses | $ | 4,680.00 |
| **Net Proceeds Available to Creditors** | **$** | **127,251.72** |
| | | |
| IRS payroll tax | $ | 335,769.00 |
| NYS corp tax | $ | 207.05 |
| NYS dept of labor | $ | 3,797.00 |
| NYS sales tax | $ | 287,694.00 |
| NYS withholding tax | $ | 111,124.00 |
| Accounts payable | $ | 161,091.01 |
| Business debt | $ | 512,557.08 |
| Rent payable | $ | 200,000.00 |
| Other unsecured claims | $ | 3,027.42 |
| | | |
| **Total Claims** | **$** | **1,615,266.56** |
| | | |
| **Cash available after repayment** | **$** | **(1,488,014.84)** |
| | | |

### Going concern value:

| | | |
|---|---|---|
| Proceeds available from sale of Property at FMV | $ | 32,095.00 |
| Cash in Debtor's bank account now | $ | 19,935.00 |
| Cash on Hand | $ | 6,218.52 |
| Proceesds from sale of inventory | $ | 36,766.20 |
| Name, reputation and phone number | $ | 30,000.00 |
| | | |
| Chapter 11 monthly payment | $ | 16,035.70 |
| | | |
| **Going concern value** | **$** | **108,979.02** |

Calculated by estimating all assets, value of the name, reputation and phone number
substructing the amount of monthly payments of outstanding liabilities at per plan of
reorganization

# EXHIBIT C

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                          Case No.: 1-15-42334-CEC
                                                                Chapter 11

Prime Six Inc,

              Debtor.
----------------------------------------------------------X

<u>**CLASS [    ] BALLOT FOR ACCEPTING OR REJECTING**</u>
<u>**PLAN OF REORGANIZATION**</u>

              Prime Six Inc. filed the third amended plan of reorganization dated July 22, 2016 (the "Plan") for the Debtor in this case. The Court has [conditionally] approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from:

              **LAW OFFICE OF ALLA KACHAN, P.C.**
              **3099 CONEY ISLAND AVENUE, THIRD FLOOR**
              **BROOKLYN, NEW YORK 11235**
              **TEL.: (718) 513-3145**

              Court approval of the disclosure statement does not indicate approval of the Plan by the Court.

              **You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class [   ] under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

              **If your ballot is not received by**

**LAW OFFICE OF ALLA KACHAN, P.C.**
**3099 CONEY ISLAND AVENUE, THIRD FLOOR**
**BROOKLYN, NEW YORK 11235**
**TEL.: (718) 513-3145**

**On or before** _____, **and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on your whether or not you vote.**

### ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class [   ] claim against the Debtors in the unpaid amount of

_____ Dollars ($_____)

[   ]   **ACCEPTS THE PLAN**                    [   ]   **REJECTS THE PLAN**

**Dated:** _____

|  | **Print** | **or** | **Type** | **Name:** |

_____

**Signature:** _____

**Title (if corporation or partnership):** _____

**Address:** _____

_____

_____

**RETURN THIS BALLOT TO:**

**LAW OFFICE OF ALLA KACHAN, P.C.**
**3099 CONEY ISLAND AVENUE, THIRD FLOOR**
**BROOKLYN, NEW YORK 11235**
**TEL.: (718) 513-3145**

**EXHIBIT D**

# Amortization Calculator



| Loan Amount | $ 268288.98 | | **Monthly Pay:  $5,186.78** | |
| Loan Term | 5 | years | Total of 60 Loan Payments | $311,206.66 |
| Interest Rate (APR) | 6 | % | Total Interest | $42,917.68 |

**Calculate**



### Loan Amortization Graph

### Payment Breakdown

## Monthly Amortization Schedule

| Annual Schedule | **Monthly Schedule** | | | |
|---|---|---|---|---|
| | **Beginning Balance** | **Interest** | **Principal** | **Ending Balance** |
| 1 | $268,288.98 | $1,341.44 | $3,845.34 | $264,443.65 |
| 2 | $264,443.65 | $1,322.22 | $3,864.56 | $260,579.09 |
| 3 | $260,579.09 | $1,302.90 | $3,883.88 | $256,695.21 |
| 4 | $256,695.21 | $1,283.48 | $3,903.30 | $252,791.90 |
| 5 | $252,791.90 | $1,263.96 | $3,922.82 | $248,869.09 |
| 6 | $248,869.09 | $1,244.35 | $3,942.43 | $244,926.65 |
| 7 | $244,926.65 | $1,224.63 | $3,962.15 | $240,964.51 |
| 8 | $240,964.51 | $1,204.82 | $3,981.96 | $236,982.55 |
| 9 | $236,982.55 | $1,184.91 | $4,001.87 | $232,980.69 |
| 10 | $232,980.69 | $1,164.90 | $4,021.88 | $228,958.82 |
| 11 | $228,958.82 | $1,144.79 | $4,041.99 | $224,916.83 |
| 12 | $224,916.83 | $1,124.58 | $4,062.20 | $220,854.64 |
| | **year 1 end** | | | |
| 13 | $220,854.64 | $1,104.27 | $4,082.51 | $216,772.13 |
| 14 | $216,772.13 | $1,083.86 | $4,102.92 | $212,669.22 |
| 15 | $212,669.22 | $1,063.35 | $4,123.43 | $208,545.79 |
| 16 | $208,545.79 | $1,042.73 | $4,144.05 | $204,401.74 |

| | | | | |
|---|---|---|---|---|
| 17 | $204,401.74 | $1,022.01 | $4,164.77 | $200,236.97 |
| 18 | $200,236.97 | $1,001.18 | $4,185.60 | $196,051.38 |
| 19 | $196,051.38 | $980.26 | $4,206.52 | $191,844.85 |
| 20 | $191,844.85 | $959.22 | $4,227.56 | $187,617.30 |
| 21 | $187,617.30 | $938.09 | $4,248.69 | $183,368.61 |
| 22 | $183,368.61 | $916.84 | $4,269.94 | $179,098.68 |
| 23 | $179,098.68 | $895.49 | $4,291.29 | $174,807.39 |
| 24 | $174,807.39 | $874.04 | $4,312.74 | $170,494.65 |
| | | year 2 end | | |
| 25 | $170,494.65 | $852.47 | $4,334.31 | $166,160.35 |
| 26 | $166,160.35 | $830.80 | $4,355.98 | $161,804.37 |
| 27 | $161,804.37 | $809.02 | $4,377.76 | $157,426.61 |
| 28 | $157,426.61 | $787.13 | $4,399.65 | $153,026.97 |
| 29 | $153,026.97 | $765.13 | $4,421.65 | $148,605.33 |
| 30 | $148,605.33 | $743.03 | $4,443.75 | $144,161.58 |
| 31 | $144,161.58 | $720.81 | $4,465.97 | $139,695.61 |
| 32 | $139,695.61 | $698.48 | $4,488.30 | $135,207.31 |
| 33 | $135,207.31 | $676.04 | $4,510.74 | $130,696.57 |
| 34 | $130,696.57 | $653.48 | $4,533.30 | $126,163.27 |
| 35 | $126,163.27 | $630.82 | $4,555.96 | $121,607.31 |
| 36 | $121,607.31 | $608.04 | $4,578.74 | $117,028.57 |
| | | year 3 end | | |
| 37 | $117,028.57 | $585.14 | $4,601.64 | $112,426.93 |
| 38 | $112,426.93 | $562.13 | $4,624.65 | $107,802.29 |
| 39 | $107,802.29 | $539.01 | $4,647.77 | $103,154.53 |
| 40 | $103,154.53 | $515.77 | $4,671.01 | $98,483.52 |
| 41 | $98,483.52 | $492.42 | $4,694.36 | $93,789.16 |
| 42 | $93,789.16 | $468.95 | $4,717.83 | $89,071.33 |
| 43 | $89,071.33 | $445.36 | $4,741.42 | $84,329.91 |
| 44 | $84,329.91 | $421.65 | $4,765.13 | $79,564.78 |
| 45 | $79,564.78 | $397.82 | $4,788.96 | $74,775.83 |
| 46 | $74,775.83 | $373.88 | $4,812.90 | $69,962.93 |
| 47 | $69,962.93 | $349.81 | $4,836.97 | $65,125.96 |
| 48 | $65,125.96 | $325.63 | $4,861.15 | $60,264.82 |
| | | year 4 end | | |
| 49 | $60,264.82 | $301.32 | $4,885.46 | $55,379.36 |
| 50 | $55,379.36 | $276.90 | $4,909.88 | $50,469.48 |
| 51 | $50,469.48 | $252.35 | $4,934.43 | $45,535.05 |
| 52 | $45,535.05 | $227.68 | $4,959.10 | $40,575.95 |
| 53 | $40,575.95 | $202.88 | $4,983.90 | $35,592.05 |
| 54 | $35,592.05 | $177.96 | $5,008.82 | $30,583.23 |
| 55 | $30,583.23 | $152.92 | $5,033.86 | $25,549.37 |

| 56 | $25,549.37 | $127.75 | $5,059.03 | $20,490.34 |
| 57 | $20,490.34 | $102.45 | $5,084.33 | $15,406.02 |
| 58 | $15,406.02 | $77.03 | $5,109.75 | $10,296.27 |
| 59 | $10,296.27 | $51.48 | $5,135.30 | $5,160.97 |
| 60 | $5,160.97 | $25.80 | $5,160.98 | $0.00 |

**year 5 end**

by Calculator.net

# EXHIBIT E

# Amortization Calculator



| Loan Amount | $ | 100000 |
| Loan Term | | 5 | years |
| Interest Rate (APR) | | 6 | % |

**Calculate**

**Monthly Pay:  $1,933.28**

| Total of 60 Loan Payments | $115,996.81 |
| Total Interest | $15,996.81 |

### Loan Amortization Graph



- Payment
- Balance
- Interest

### Payment Breakdown

14%

86%

- Principal
- Interest

## Monthly Amortization Schedule

**Annual Schedule** | **Monthly Schedule**

| | Beginning Balance | Interest | Principal | Ending Balance |
| --- | --- | --- | --- | --- |
| 1 | $100,000.00 | $500.00 | $1,433.28 | $98,566.72 |
| 2 | $98,566.72 | $492.83 | $1,440.45 | $97,126.27 |
| 3 | $97,126.27 | $485.63 | $1,447.65 | $95,678.62 |
| 4 | $95,678.62 | $478.39 | $1,454.89 | $94,223.74 |
| 5 | $94,223.74 | $471.12 | $1,462.16 | $92,761.58 |
| 6 | $92,761.58 | $463.81 | $1,469.47 | $91,292.10 |
| 7 | $91,292.10 | $456.46 | $1,476.82 | $89,815.28 |
| 8 | $89,815.28 | $449.08 | $1,484.20 | $88,331.08 |
| 9 | $88,331.08 | $441.66 | $1,491.62 | $86,839.46 |
| 10 | $86,839.46 | $434.20 | $1,499.08 | $85,340.37 |
| 11 | $85,340.37 | $426.70 | $1,506.58 | $83,833.79 |
| 12 | $83,833.79 | $419.17 | $1,514.11 | $82,319.68 |
| | | year 1 end | | |
| 13 | $82,319.68 | $411.60 | $1,521.68 | $80,798.00 |
| 14 | $80,798.00 | $403.99 | $1,529.29 | $79,268.71 |
| 15 | $79,268.71 | $396.34 | $1,536.94 | $77,731.77 |
| 16 | $77,731.77 | $388.66 | $1,544.62 | $76,187.15 |

| | | | |
|---|---|---|---|
| 17 | $76,187.15 | $380.94 | $1,552.34 | $74,634.81 |
| 18 | $74,634.81 | $373.17 | $1,560.11 | $73,074.70 |
| 19 | $73,074.70 | $365.37 | $1,567.91 | $71,506.80 |
| 20 | $71,506.80 | $357.53 | $1,575.75 | $69,931.05 |
| 21 | $69,931.05 | $349.66 | $1,583.62 | $68,347.43 |
| 22 | $68,347.43 | $341.74 | $1,591.54 | $66,755.88 |
| 23 | $66,755.88 | $333.78 | $1,599.50 | $65,156.38 |
| 24 | $65,156.38 | $325.78 | $1,607.50 | $63,548.88 |
| | | year 2 end | | |
| 25 | $63,548.88 | $317.74 | $1,615.54 | $61,933.35 |
| 26 | $61,933.35 | $309.67 | $1,623.61 | $60,309.73 |
| 27 | $60,309.73 | $301.55 | $1,631.73 | $58,678.00 |
| 28 | $58,678.00 | $293.39 | $1,639.89 | $57,038.11 |
| 29 | $57,038.11 | $285.19 | $1,648.09 | $55,390.02 |
| 30 | $55,390.02 | $276.95 | $1,656.33 | $53,733.69 |
| 31 | $53,733.69 | $268.67 | $1,664.61 | $52,069.08 |
| 32 | $52,069.08 | $260.35 | $1,672.93 | $50,396.15 |
| 33 | $50,396.15 | $251.98 | $1,681.30 | $48,714.85 |
| 34 | $48,714.85 | $243.57 | $1,689.71 | $47,025.14 |
| 35 | $47,025.14 | $235.13 | $1,698.15 | $45,326.99 |
| 36 | $45,326.99 | $226.63 | $1,706.65 | $43,620.34 |
| | | year 3 end | | |
| 37 | $43,620.34 | $218.10 | $1,715.18 | $41,905.16 |
| 38 | $41,905.16 | $209.53 | $1,723.75 | $40,181.41 |
| 39 | $40,181.41 | $200.91 | $1,732.37 | $38,449.04 |
| 40 | $38,449.04 | $192.25 | $1,741.03 | $36,708.00 |
| 41 | $36,708.00 | $183.54 | $1,749.74 | $34,958.26 |
| 42 | $34,958.26 | $174.79 | $1,758.49 | $33,199.77 |
| 43 | $33,199.77 | $166.00 | $1,767.28 | $31,432.49 |
| 44 | $31,432.49 | $157.16 | $1,776.12 | $29,656.37 |
| 45 | $29,656.37 | $148.28 | $1,785.00 | $27,871.37 |
| 46 | $27,871.37 | $139.36 | $1,793.92 | $26,077.45 |
| 47 | $26,077.45 | $130.39 | $1,802.89 | $24,274.56 |
| 48 | $24,274.56 | $121.37 | $1,811.91 | $22,462.65 |
| | | year 4 end | | |
| 49 | $22,462.65 | $112.31 | $1,820.97 | $20,641.68 |
| 50 | $20,641.68 | $103.21 | $1,830.07 | $18,811.61 |
| 51 | $18,811.61 | $94.06 | $1,839.22 | $16,972.39 |
| 52 | $16,972.39 | $84.86 | $1,848.42 | $15,123.97 |
| 53 | $15,123.97 | $75.62 | $1,857.66 | $13,266.31 |
| 54 | $13,266.31 | $66.33 | $1,866.95 | $11,399.36 |
| 55 | $11,399.36 | $57.00 | $1,876.28 | $9,523.08 |

| 56 | $9,523.08 | $47.62 | $1,885.66 | $7,637.41 |
| 57 | $7,637.41 | $38.19 | $1,895.09 | $5,742.32 |
| 58 | $5,742.32 | $28.71 | $1,904.57 | $3,837.75 |
| 59 | $3,837.75 | $19.19 | $1,914.09 | $1,923.66 |
| 60 | $1,923.66 | $9.62 | $1,923.66 | $0.00 |

**year 5 end**

by Calculator.net

# EXHIBIT F

| Date | Payment | Principal | Interest | Total Interest | Balance |
|------|---------|-----------|----------|----------------|---------|
| Nov. 2016 | $1,071.81 | $794.61 | $277.20 | $277.20 | $54,645.39 |
| Dec. 2016 | $1,071.81 | $798.58 | $273.23 | $550.43 | $53,846.81 |
| Jan. 2017 | $1,071.81 | $802.58 | $269.23 | $819.66 | $53,044.23 |
| Feb. 2017 | $1,071.81 | $806.59 | $265.22 | $1,084.88 | $52,237.64 |
| Mar. 2017 | $1,071.81 | $810.62 | $261.19 | $1,346.07 | $51,427.02 |
| April 2017 | $1,071.81 | $814.68 | $257.14 | $1,603.21 | $50,612.34 |
| May 2017 | $1,071.81 | $818.75 | $253.06 | $1,856.27 | $49,793.59 |
| June 2017 | $1,071.81 | $822.84 | $248.97 | $2,105.24 | $48,970.75 |
| July 2017 | $1,071.81 | $826.96 | $244.85 | $2,350.09 | $48,143.79 |
| Aug. 2017 | $1,071.81 | $831.09 | $240.72 | $2,590.81 | $47,312.70 |
| Sept. 2017 | $1,071.81 | $835.25 | $236.56 | $2,827.37 | $46,477.46 |
| Oct. 2017 | $1,071.81 | $839.42 | $232.39 | $3,059.76 | $45,638.03 |
| Nov. 2017 | $1,071.81 | $843.62 | $228.19 | $3,287.95 | $44,794.41 |
| Dec. 2017 | $1,071.81 | $847.84 | $223.97 | $3,511.92 | $43,946.57 |
| Jan. 2018 | $1,071.81 | $852.08 | $219.73 | $3,731.65 | $43,094.50 |
| Feb. 2018 | $1,071.81 | $856.34 | $215.47 | $3,947.13 | $42,238.16 |
| Mar. 2018 | $1,071.81 | $860.62 | $211.19 | $4,158.32 | $41,377.54 |
| April 2018 | $1,071.81 | $864.92 | $206.89 | $4,365.20 | $40,512.62 |
| May 2018 | $1,071.81 | $869.25 | $202.56 | $4,567.77 | $39,643.37 |
| June 2018 | $1,071.81 | $873.59 | $198.22 | $4,765.98 | $38,769.77 |
| July 2018 | $1,071.81 | $877.96 | $193.85 | $4,959.83 | $37,891.81 |
| Aug. 2018 | $1,071.81 | $882.35 | $189.46 | $5,149.29 | $37,009.46 |
| Sept. 2018 | $1,071.81 | $886.76 | $185.05 | $5,334.34 | $36,122.70 |
| Oct. 2018 | $1,071.81 | $891.20 | $180.61 | $5,514.95 | $35,231.50 |
| Nov. 2018 | $1,071.81 | $895.65 | $176.16 | $5,691.11 | $34,335.85 |
| Dec. 2018 | $1,071.81 | $900.13 | $171.68 | $5,862.79 | $33,435.72 |
| Jan. 2019 | $1,071.81 | $904.63 | $167.18 | $6,029.97 | $32,531.08 |
| Feb. 2019 | $1,071.81 | $909.16 | $162.66 | $6,192.62 | $31,621.93 |
| Mar. 2019 | $1,071.81 | $913.70 | $158.11 | $6,350.73 | $30,708.23 |
| April 2019 | $1,071.81 | $918.27 | $153.54 | $6,504.27 | $29,789.96 |
| May 2019 | $1,071.81 | $922.86 | $148.95 | $6,653.22 | $28,867.10 |
| June 2019 | $1,071.81 | $927.48 | $144.34 | $6,797.56 | $27,939.62 |
| July 2019 | $1,071.81 | $932.11 | $139.70 | $6,937.26 | $27,007.51 |
| Aug. 2019 | $1,071.81 | $936.77 | $135.04 | $7,072.30 | $26,070.74 |

| Date | Payment | Principal | Interest | Total Interest | Balance |
|------|---------|-----------|----------|----------------|---------|
| Sept. 2019 | $1,071.81 | $941.46 | $130.35 | $7,202.65 | $25,129.26 |
| Oct. 2019 | $1,071.81 | $946.16 | $125.65 | $7,328.30 | $24,183.12 |
| Nov. 2019 | $1,071.81 | $950.89 | $120.92 | $7,449.21 | $23,232.22 |
| Dec. 2019 | $1,071.81 | $955.65 | $116.16 | $7,565.37 | $22,276.57 |
| Jan. 2020 | $1,071.81 | $960.43 | $111.38 | $7,676.76 | $21,316.15 |
| Feb. 2020 | $1,071.81 | $965.23 | $106.58 | $7,783.34 | $20,350.92 |
| Mar. 2020 | $1,071.81 | $970.06 | $101.75 | $7,885.09 | $19,380.86 |
| April 2020 | $1,071.81 | $974.91 | $96.90 | $7,982.00 | $18,405.95 |
| May 2020 | $1,071.81 | $979.78 | $92.03 | $8,074.02 | $17,426.17 |
| June 2020 | $1,071.81 | $984.68 | $87.13 | $8,161.16 | $16,441.49 |
| July 2020 | $1,071.81 | $989.60 | $82.21 | $8,243.36 | $15,451.89 |
| Aug. 2020 | $1,071.81 | $994.55 | $77.26 | $8,320.62 | $14,457.34 |
| Sept. 2020 | $1,071.81 | $999.52 | $72.29 | $8,392.91 | $13,457.82 |
| Oct. 2020 | $1,071.81 | $1,004.52 | $67.29 | $8,460.20 | $12,453.29 |
| Nov. 2020 | $1,071.81 | $1,009.54 | $62.27 | $8,522.46 | $11,443.75 |
| Dec. 2020 | $1,071.81 | $1,014.59 | $57.22 | $8,579.68 | $10,429.16 |
| Jan. 2021 | $1,071.81 | $1,019.66 | $52.15 | $8,631.83 | $9,409.49 |
| Feb. 2021 | $1,071.81 | $1,024.76 | $47.05 | $8,678.88 | $8,384.73 |
| Mar. 2021 | $1,071.81 | $1,029.89 | $41.92 | $8,720.80 | $7,354.84 |
| April 2021 | $1,071.81 | $1,035.04 | $36.77 | $8,757.57 | $6,319.81 |
| May 2021 | $1,071.81 | $1,040.21 | $31.60 | $8,789.17 | $5,279.60 |
| June 2021 | $1,071.81 | $1,045.41 | $26.40 | $8,815.57 | $4,234.18 |
| July 2021 | $1,071.81 | $1,050.64 | $21.17 | $8,836.74 | $3,183.54 |
| Aug. 2021 | $1,071.81 | $1,055.89 | $15.92 | $8,852.66 | $2,127.65 |
| Sept. 2021 | $1,071.81 | $1,061.17 | $10.64 | $8,863.30 | $1,066.48 |
| Oct. 2021 | $1,071.81 | $1,066.48 | $5.33 | $8,868.63 | $0.00 |

**EXHIBIT G**

| Date | Payment | Principal | Interest | Total Interest | Balance |
|------|---------|-----------|----------|----------------|---------|
| Nov. 2016 | $4,816.55 | $3,570.86 | $1,245.70 | $1,245.70 | $245,568.14 |
| Dec. 2016 | $4,816.55 | $3,588.71 | $1,227.84 | $2,473.54 | $241,979.43 |
| Jan. 2017 | $4,816.55 | $3,606.66 | $1,209.90 | $3,683.43 | $238,372.77 |
| Feb. 2017 | $4,816.55 | $3,624.69 | $1,191.86 | $4,875.30 | $234,748.08 |
| Mar. 2017 | $4,816.55 | $3,642.81 | $1,173.74 | $6,049.04 | $231,105.26 |
| April 2017 | $4,816.55 | $3,661.03 | $1,155.53 | $7,204.56 | $227,444.23 |
| May 2017 | $4,816.55 | $3,679.33 | $1,137.22 | $8,341.78 | $223,764.90 |
| June 2017 | $4,816.55 | $3,697.73 | $1,118.82 | $9,460.61 | $220,067.17 |
| July 2017 | $4,816.55 | $3,716.22 | $1,100.34 | $10,560.94 | $216,350.95 |
| Aug. 2017 | $4,816.55 | $3,734.80 | $1,081.75 | $11,642.70 | $212,616.15 |
| Sept. 2017 | $4,816.55 | $3,753.47 | $1,063.08 | $12,705.78 | $208,862.68 |
| Oct. 2017 | $4,816.55 | $3,772.24 | $1,044.31 | $13,750.09 | $205,090.44 |
| Nov. 2017 | $4,816.55 | $3,791.10 | $1,025.45 | $14,775.55 | $201,299.33 |
| Dec. 2017 | $4,816.55 | $3,810.06 | $1,006.50 | $15,782.04 | $197,489.27 |
| Jan. 2018 | $4,816.55 | $3,829.11 | $987.45 | $16,769.49 | $193,660.17 |
| Feb. 2018 | $4,816.55 | $3,848.25 | $968.30 | $17,737.79 | $189,811.91 |
| Mar. 2018 | $4,816.55 | $3,867.50 | $949.06 | $18,686.85 | $185,944.42 |
| April 2018 | $4,816.55 | $3,886.83 | $929.72 | $19,616.57 | $182,057.58 |
| May 2018 | $4,816.55 | $3,906.27 | $910.29 | $20,526.86 | $178,151.32 |
| June 2018 | $4,816.55 | $3,925.80 | $890.76 | $21,417.62 | $174,225.52 |
| July 2018 | $4,816.55 | $3,945.43 | $871.13 | $22,288.74 | $170,280.09 |
| Aug. 2018 | $4,816.55 | $3,965.15 | $851.40 | $23,140.14 | $166,314.94 |
| Sept. 2018 | $4,816.55 | $3,984.98 | $831.57 | $23,971.72 | $162,329.96 |
| Oct. 2018 | $4,816.55 | $4,004.91 | $811.65 | $24,783.37 | $158,325.05 |
| Nov. 2018 | $4,816.55 | $4,024.93 | $791.63 | $25,574.99 | $154,300.12 |
| Dec. 2018 | $4,816.55 | $4,045.05 | $771.50 | $26,346.49 | $150,255.07 |
| Jan. 2019 | $4,816.55 | $4,065.28 | $751.28 | $27,097.77 | $146,189.79 |
| Feb. 2019 | $4,816.55 | $4,085.61 | $730.95 | $27,828.72 | $142,104.18 |
| Mar. 2019 | $4,816.55 | $4,106.03 | $710.52 | $28,539.24 | $137,998.15 |
| April 2019 | $4,816.55 | $4,126.56 | $689.99 | $29,229.23 | $133,871.59 |
| May 2019 | $4,816.55 | $4,147.20 | $669.36 | $29,898.59 | $129,724.39 |
| June 2019 | $4,816.55 | $4,167.93 | $648.62 | $30,547.21 | $125,556.46 |
| July 2019 | $4,816.55 | $4,188.77 | $627.78 | $31,174.99 | $121,367.68 |
| Aug. 2019 | $4,816.55 | $4,209.72 | $606.84 | $31,781.83 | $117,157.97 |

| Date | Payment | Principal | Interest | Total Interest | Balance |
|---|---|---|---|---|---|
| Sept. 2019 | $4,816.55 | $4,230.77 | $585.79 | $32,367.82 | $112,927.20 |
| Oct. 2019 | $4,816.55 | $4,251.92 | $564.64 | $32,932.26 | $108,675.28 |
| Nov. 2019 | $4,816.55 | $4,273.18 | $543.38 | $33,475.63 | $104,402.10 |
| Dec. 2019 | $4,816.55 | $4,294.54 | $522.01 | $33,997.64 | $100,107.56 |
| Jan. 2020 | $4,816.55 | $4,316.02 | $500.54 | $34,498.18 | $95,791.54 |
| Feb. 2020 | $4,816.55 | $4,337.60 | $478.96 | $34,977.14 | $91,453.95 |
| Mar. 2020 | $4,816.55 | $4,359.29 | $457.27 | $35,434.41 | $87,094.66 |
| April 2020 | $4,816.55 | $4,381.08 | $435.47 | $35,869.88 | $82,713.58 |
| May 2020 | $4,816.55 | $4,402.99 | $413.57 | $36,283.45 | $78,310.59 |
| June 2020 | $4,816.55 | $4,425.00 | $391.55 | $36,675.00 | $73,885.59 |
| July 2020 | $4,816.55 | $4,447.13 | $369.43 | $37,044.43 | $69,438.46 |
| Aug. 2020 | $4,816.55 | $4,469.36 | $347.19 | $37,391.62 | $64,969.10 |
| Sept. 2020 | $4,816.55 | $4,491.71 | $324.85 | $37,716.47 | $60,477.39 |
| Oct. 2020 | $4,816.55 | $4,514.17 | $302.39 | $38,018.86 | $55,963.22 |
| Nov. 2020 | $4,816.55 | $4,536.74 | $279.82 | $38,298.67 | $51,426.48 |
| Dec. 2020 | $4,816.55 | $4,559.42 | $257.13 | $38,555.80 | $46,867.06 |
| Jan. 2021 | $4,816.55 | $4,582.22 | $234.34 | $38,790.14 | $42,284.84 |
| Feb. 2021 | $4,816.55 | $4,605.13 | $211.42 | $39,001.56 | $37,679.71 |
| Mar. 2021 | $4,816.55 | $4,628.16 | $188.40 | $39,189.96 | $33,051.56 |
| April 2021 | $4,816.55 | $4,651.30 | $165.26 | $39,355.22 | $28,400.26 |
| May 2021 | $4,816.55 | $4,674.55 | $142.00 | $39,497.22 | $23,725.71 |
| June 2021 | $4,816.55 | $4,697.93 | $118.63 | $39,615.85 | $19,027.78 |
| July 2021 | $4,816.55 | $4,721.42 | $95.14 | $39,710.99 | $14,306.36 |
| Aug. 2021 | $4,816.55 | $4,745.02 | $71.53 | $39,782.52 | $9,561.34 |
| Sept. 2021 | $4,816.55 | $4,768.75 | $47.81 | $39,830.33 | $4,792.59 |
| Oct. 2021 | $4,816.55 | $4,792.59 | $23.96 | $39,854.29 | $0.00 |

# EXHIBIT H

# prime 6
# Balance Sheet
## As of April 30, 2016

|  | Apr 30, 16 |
|---|---:|
| **ASSETS** | |
| Current Assets | |
| Checking/Savings | |
| cash | 6,218.52 |
| Checking at Signature Bank NY- | 4,935.99 |
| signature-savings | 15,000.00 |
| **Total Checking/Savings** | 26,154.51 |
| Other Current Assets | |
| Accounts Receivable. | 7,558.48 |
| Inventory | 61,277.85 |
| Prepaid expenses | 13,759.81 |
| **Total Other Current Assets** | 82,596.14 |
| **Total Current Assets** | 108,750.65 |
| Fixed Assets | |
| Accumulated Depreciation | -222,306.00 |
| computer equipment | 8,100.00 |
| equipment | 48,697.00 |
| Furniture | 50,000.00 |
| leasehold Improvements | 939,055.00 |
| pos system | 2,000.00 |
| sound system | 11,000.00 |
| **Total Fixed Assets** | 836,546.00 |
| Other Assets | |
| prepaid rent | 16,000.00 |
| Security Deposits Asset | 46,917.00 |
| **Total Other Assets** | 62,917.00 |
| **TOTAL ASSETS** | 1,008,213.65 |
| **LIABILITIES & EQUITY** | |
| Liabilities | |
| Current Liabilities | |
| Other Current Liabilities | |
| Payroll Liabilities | |
| Federal Taxes (941/944) | 95,237.43 |
| Federal Unemployment (940) | 2,165.03 |
| NYS Employment Taxes | 26,298.45 |
| NYS Income Tax | 20,342.97 |
| Payroll Liabilities - Other | -108,170.59 |
| **Total Payroll Liabilities** | 35,873.29 |
| Payroll Liability | 6.95 |
| professional fees payable | 4,680.00 |
| RENT PAYABLE_POSTPETITION | 3,749.28 |
| sales tax payable | 21,184.63 |
| unsecured priority claims | |
| accounts payable | 161,091.01 |
| business debt | 512,557.08 |

12:03 PM
05/27/16
Accrual Basis

# prime 6
# Balance Sheet
### As of April 30, 2016

|  | Apr 30, 16 |
|---|---|
| irs payroll tax | 335,769.68 |
| nys corp tax | 207.05 |
| nys dept of labor | 3,797.93 |
| nys sales tax | 287,694.80 |
| nys withholding tax | 111,124.28 |
| rent payable | 200,000.00 |
| unsecured priority claims - Other | 3,027.42 |
| **Total unsecured priority claims** | 1,615,269.25 |
| **Total Other Current Liabilities** | 1,680,763.40 |
| **Total Current Liabilities** | 1,680,763.40 |
| **Total Liabilities** | 1,680,763.40 |
| Equity |  |
| paid in capital | 801,601.00 |
| Retained Earnings | -1,493,695.97 |
| Net Income | 19,545.22 |
| **Total Equity** | -672,549.75 |
| **TOTAL LIABILITIES & EQUITY** | 1,008,213.65 |

# EXHIBIT I

## PROJECTED PROFIT (LOSS)
### FOR THE TWELVE MONTHS ENDED JULY, 2021

| | Aug, 2016 | Sept, 2016 | Oct, 2016 | Nov, 2016 | Dec, 2016 | Jan, 2017 | Feb, 2017 | March, 2017 | Apr, 2017 | May, 2017 | June, 2017 | July, 2017 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Net Sales | $223,000.00 | $223,000.00 | $223,000.00 | $220,000.00 | $220,000.00 | $200,000.00 | $200,000.00 | $200,000.00 | $210,000.00 | $225,000.00 | $225,000.00 | $220,000.00 |
| COGS | $90,000.00 | $90,000.00 | $90,000.00 | $90,000.00 | $90,000.00 | $83,000.00 | $83,000.00 | $83,000.00 | $86,000.00 | $92,000.00 | $92,000.00 | $90,000.00 |
| Gross Income: | $133,000.00 | $133,000.00 | $133,000.00 | $130,000.00 | $130,000.00 | $117,000.00 | $117,000.00 | $117,000.00 | $124,000.00 | $133,000.00 | $133,000.00 | $130,000.00 |
| Expenses: | | | | | | | | | | | | |
| Wages | $52,000.00 | $52,000.00 | $52,000.00 | $52,000.00 | $52,000.00 | $46,900.00 | $46,900.00 | $46,900.00 | $50,900.00 | $50,900.00 | $50,900.00 | $50,900.00 |
| Payroll Tax | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $8,500.00 | $8,500.00 | $8,500.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 |
| Event Planning | $4,000.00 | $4,000.00 | $4,000.00 | $3,000.00 | $3,000.00 | $3,000.00 | $3,000.00 | $3,000.00 | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 |
| Insurance | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |
| Janitorial | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| Office supplies | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $1,800.00 | $1,800.00 | $1,800.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| Outside labor | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 |
| Professional fees | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 |
| Rent | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 |
| Security | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| Utilities | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |
| Promoters/DJs | $3,000.00 | $3,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |
| Total expenses: | $108,100.00 | $108,100.00 | $107,100.00 | $106,100.00 | $106,100.00 | $98,800.00 | $98,800.00 | $98,800.00 | $110,100.00 | $110,100.00 | $110,100.00 | $110,100.00 |
| Net income | $24,900.00 | $24,900.00 | $25,900.00 | $23,900.00 | $23,900.00 | $18,200.00 | $18,200.00 | $18,200.00 | $13,900.00 | $22,900.00 | $22,900.00 | $19,900.00 |
| Class VI Combination | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| Cash at Beginning of the Month | $5,000.00 | $8,989.41 | $5,000.00 | $5,114.41 | $7,875.00 | $5,114.41 | -$2,700.00 | $9,989.41 | -$2,700.00 | $814.41 | $11,175.00 | $814.41 |
| US Trustee Fees | $0.00 | $0.00 | $4,875.00 | $0.00 | $0.00 | $4,875.00 | $0.00 | $0.00 | $4,875.00 | $0.00 | $0.00 | $4,875.00 |
| Ch.11 Payments | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 |
| Net Cash Flow for the Month | $8,989.41 | $5,000.00 | $5,114.41 | $7,875.00 | $5,114.41 | -$2,700.00 | $9,989.41 | -$2,700.00 | $814.41 | $11,175.00 | $814.41 | $3,300.00 |

| | Aug, 2017 | Sep-17 | Oct-17 | Nov-17 | Dec-17 | Jan-18 | Feb-18 | Mar-18 | Apr-18 | May-18 | Jun-18 | Jul-18 | Aug-18 | Sep-18 | Oct-18 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | $220,000.00 | $220,000.00 | $210,000.00 | $210,000.00 | $210,000.00 | $205,000.00 | $205,000.00 | $205,000.00 | $225,000.00 | $225,000.00 | $225,000.00 | $225,000.00 | $225,000.00 | $225,000.00 | $225,000.00 |
| | $90,000.00 | $90,000.00 | $80,000.00 | $79,680.00 | $79,680.00 | $76,000.00 | $76,000.00 | $76,000.00 | $83,000.00 | $83,000.00 | $83,000.00 | $83,000.00 | $83,000.00 | $83,000.00 | $83,000.00 |
| | **$130,000.00** | **$130,000.00** | **$130,000.00** | **$130,320.00** | **$130,320.00** | **$129,000.00** | **$129,000.00** | **$129,000.00** | **$142,000.00** | **$142,000.00** | **$142,000.00** | **$142,000.00** | **$142,000.00** | **$142,000.00** | **$142,000.00** |
| | $50,900.00 | $50,900.00 | $50,900.00 | $50,900.00 | $50,900.00 | $52,300.00 | $52,300.00 | $52,300.00 | $56,000.00 | $56,000.00 | $56,000.00 | $56,000.00 | $56,000.00 | $56,000.00 | $56,000.00 |
| | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $9,000.00 | $9,000.00 | $9,000.00 | $9,000.00 | $12,000.00 | $12,000.00 | $12,000.00 | $12,000.00 | $12,000.00 | $12,000.00 | $12,000.00 |
| | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $3,900.00 | $3,900.00 | $3,900.00 | $3,900.00 | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 |
| | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |
| | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $1,600.00 | $1,600.00 | $1,600.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 | $4,200.00 | $4,200.00 | $4,200.00 | $5,500.00 | $5,500.00 | $5,500.00 | $5,500.00 | $5,500.00 | $5,500.00 | $5,500.00 | $5,500.00 |
| | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 |
| | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 |
| | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |
| | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $5,500.00 | $5,500.00 | $5,500.00 | $5,500.00 | $5,500.00 | $5,500.00 | $5,500.00 |
| | **$110,100.00** | **$110,100.00** | **$110,100.00** | **$110,100.00** | **$110,100.00** | **$107,600.00** | **$107,600.00** | **$107,600.00** | **$118,300.00** | **$118,300.00** | **$118,300.00** | **$118,300.00** | **$118,300.00** | **$118,300.00** | **$118,300.00** |
| | **$19,900.00** | **$19,900.00** | **$19,900.00** | **$20,220.00** | **$20,220.00** | **$21,400.00** | **$21,400.00** | **$21,400.00** | **$23,700.00** | **$23,700.00** | **$23,700.00** | **$23,700.00** | **$23,700.00** | **$23,700.00** | **$23,700.00** |
| | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| | $3,300.00 | $3,300.00 | $3,300.00 | $8,495.00 | $8,495.00 | $814.41 | $4,800.00 | $5,689.41 | $4,800.00 | $4,800.00 | $4,800.00 | $4,800.00 | $4,800.00 | $4,800.00 | $4,800.00 |
| | $5,689.41 | $5,689.41 | $814.41 | $814.41 | $814.41 | $5,689.41 | $5,689.41 | $5,689.41 | $7,989.41 | $7,989.41 | $7,989.41 | $7,989.41 | $7,989.41 | $7,989.41 | $7,989.41 |
| | $0.00 | $0.00 | $4,875.00 | $0.00 | $4,875.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 |
| | $5,689.41 | $3,300.00 | $814.41 | $8,495.00 | $814.41 | $5,689.41 | $4,800.00 | $5,689.41 | $7,989.41 | $4,800.00 | $7,989.41 | $4,800.00 | $7,989.41 | $4,800.00 | $7,989.41 |

| | Nov-18 | Dec-18 | Jan-19 | Feb-19 | Mar-19 | Apr-19 | May-19 | Jun-19 | Jul-19 | Aug-19 | Sep-19 | Oct-19 | Nov-19 | Dec-19 | Jan-20 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | **$118,300.00** | **$118,300.00** | **$110,600.00** | **$110,600.00** | **$110,600.00** | **$123,000.00** | **$123,000.00** | **$123,000.00** | **$123,000.00** | **$123,000.00** | **$123,000.00** | **$123,000.00** | **$123,000.00** | **$123,000.00** | **$111,200.00** |
| | **$23,700.00** | **$23,700.00** | **$20,400.00** | **$20,400.00** | **$20,400.00** | **$24,000.00** | **$24,000.00** | **$24,000.00** | **$24,000.00** | **$24,000.00** | **$24,000.00** | **$24,000.00** | **$24,000.00** | **$24,000.00** | **$23,800.00** |
| | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| | $7,989.41 | $7,989.41 | $7,989.41 | $7,989.41 | $7,989.41 | $11,589.41 | $11,589.41 | $11,589.41 | $11,589.41 | $11,589.41 | $11,589.41 | $11,589.41 | $11,589.41 | $11,589.41 | $11,589.41 |
| | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 |
| | $4,800.00 | $4,800.00 | $7,989.41 | $7,989.41 | $1,500.00 | $11,589.41 | $1,500.00 | $11,589.41 | $1,500.00 | $11,589.41 | $11,589.41 | $11,589.41 | $11,589.41 | $11,589.41 | $1,300.00 |
| | $225,000.00 | $225,000.00 | $210,000.00 | $210,000.00 | $210,000.00 | $233,000.00 | $233,000.00 | $233,000.00 | $233,000.00 | $233,000.00 | $233,000.00 | $233,000.00 | $233,000.00 | $233,000.00 | $215,000.00 |
| | $83,000.00 | $83,000.00 | $79,000.00 | $79,000.00 | $79,000.00 | $86,000.00 | $86,000.00 | $86,000.00 | $86,000.00 | $86,000.00 | $86,000.00 | $86,000.00 | $86,000.00 | $86,000.00 | $80,000.00 |
| | **$142,000.00** | **$142,000.00** | **$131,000.00** | **$131,000.00** | **$131,000.00** | **$147,000.00** | **$147,000.00** | **$147,000.00** | **$147,000.00** | **$147,000.00** | **$147,000.00** | **$147,000.00** | **$147,000.00** | **$147,000.00** | **$135,000.00** |
| | $56,000.00 | $56,000.00 | $53,000.00 | $53,000.00 | $53,000.00 | $58,000.00 | $58,000.00 | $58,000.00 | $58,000.00 | $58,000.00 | $58,000.00 | $58,000.00 | $58,000.00 | $58,000.00 | $53,000.00 |
| | $12,000.00 | $12,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $12,000.00 |
| | $4,500.00 | $4,500.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,300.00 | $4,300.00 | $4,300.00 | $4,300.00 | $4,300.00 | $4,300.00 | $4,300.00 | $4,300.00 | $4,300.00 | $3,700.00 |
| | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |
| | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| | $2,200.00 | $2,200.00 | $1,900.00 | $1,900.00 | $1,900.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $1,600.00 |
| | $5,500.00 | $5,500.00 | $4,600.00 | $4,600.00 | $4,600.00 | $5,600.00 | $5,600.00 | $5,600.00 | $5,600.00 | $5,600.00 | $5,600.00 | $5,600.00 | $5,600.00 | $5,600.00 | $4,300.00 |
| | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 |
| | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 |
| | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |
| | $5,500.00 | $5,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $4,000.00 |

| | Feb-20 | Mar-20 | Apr-20 | May-20 | Jun-20 | Jul-20 | Aug-20 | Sep-20 | Oct-20 | Nov-20 | Dec-20 | Jan-21 | Feb-21 | Mar-21 | Apr-21 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | $215,000.00 | $215,000.00 | $236,000.00 | $236,000.00 | $236,000.00 | $236,000.00 | $236,000.00 | $236,000.00 | $236,000.00 | $236,000.00 | $236,000.00 | $220,000.00 | $220,000.00 | $220,000.00 | $238,000.00 |
| | $80,000.00 | $80,000.00 | $82,900.00 | $82,900.00 | $82,900.00 | $82,900.00 | $82,900.00 | $82,900.00 | $82,900.00 | $82,900.00 | $82,900.00 | $78,600.00 | $78,600.00 | $78,600.00 | $83,600.00 |
| | $135,000.00 | $135,000.00 | $153,100.00 | $153,100.00 | $153,100.00 | $153,100.00 | $153,100.00 | $153,100.00 | $153,100.00 | $153,100.00 | $153,100.00 | $141,400.00 | $141,400.00 | $141,400.00 | $154,400.00 |
| | | | | | | | | | | | | | | | |
| | $53,000.00 | $53,000.00 | $60,800.00 | $60,800.00 | $60,800.00 | $60,800.00 | $60,800.00 | $60,800.00 | $60,800.00 | $60,800.00 | $60,800.00 | $59,000.00 | $59,000.00 | $59,000.00 | $62,000.00 |
| | $12,000.00 | $12,000.00 | $15,900.00 | $15,900.00 | $15,900.00 | $15,900.00 | $15,900.00 | $15,900.00 | $15,900.00 | $15,900.00 | $15,900.00 | $13,000.00 | $13,000.00 | $13,000.00 | $16,000.00 |
| | $3,700.00 | $3,700.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,600.00 |
| | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |
| | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| | $1,600.00 | $1,600.00 | $2,300.00 | $2,300.00 | $2,300.00 | $2,300.00 | $2,300.00 | $2,300.00 | $2,300.00 | $2,300.00 | $2,300.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 |
| | $4,300.00 | $4,300.00 | $5,300.00 | $5,300.00 | $5,300.00 | $5,300.00 | $5,300.00 | $5,300.00 | $5,300.00 | $5,300.00 | $5,300.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,900.00 |
| | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 |
| | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 |
| | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |
| | $4,000.00 | $4,000.00 | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,500.00 |
| | | | | | | | | | | | | | | | |
| | $111,200.00 | $111,200.00 | $125,400.00 | $125,400.00 | $125,400.00 | $125,400.00 | $125,400.00 | $125,400.00 | $125,400.00 | $125,400.00 | $125,400.00 | $118,600.00 | $118,600.00 | $118,600.00 | $126,600.00 |
| | $23,800.00 | $23,800.00 | $27,700.00 | $27,700.00 | $27,700.00 | $27,700.00 | $27,700.00 | $27,700.00 | $27,700.00 | $27,700.00 | $27,700.00 | $22,800.00 | $22,800.00 | $22,800.00 | $27,800.00 |
| | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | -$3,600.00 | -$3,600.00 | -$3,600.00 | -$3,600.00 |
| | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 |
| | $11,589.41 | $11,589.41 | $15,489.41 | $15,489.41 | $15,489.41 | $15,489.41 | $15,489.41 | $15,489.41 | $15,489.41 | $15,489.41 | $15,489.41 | $15,489.41 | $15,489.41 | $15,489.41 | $20,489.41 |

|  | May-21 | Jun-21 | Jul-21 | Aug-21 |
|---|---|---|---|---|
|  | $238,000.00 | $238,000.00 | $238,000.00 | $238,000.00 |
|  | $83,600.00 | $83,600.00 | $83,600.00 | $83,600.00 |
|  | **$154,400.00** | **$154,400.00** | **$154,400.00** | **$154,400.00** |
|  | $62,000.00 | $62,000.00 | $62,000.00 | $62,000.00 |
|  | $16,000.00 | $16,000.00 | $16,000.00 | $16,000.00 |
|  | $4,600.00 | $4,600.00 | $4,600.00 | $4,600.00 |
|  | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |
|  | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
|  | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 |
|  | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 |
|  | $600.00 | $600.00 | $600.00 | $600.00 |
|  | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 |
|  | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
|  | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |
|  | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 |
|  | **$126,600.00** | **$126,600.00** | **$126,600.00** | **$126,600.00** |
|  | **$27,800.00** | **$27,800.00** | **$27,800.00** | **$27,800.00** |
|  | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
|  | -$3,600.00 | -$3,600.00 | -$3,600.00 | -$3,600.00 |
|  | $20,489.41 | $20,489.41 | $20,489.41 | $20,489.41 |
|  | $0.00 | $0.00 | $0.00 | $0.00 |
|  | $15,910.59 | $15,910.59 | $15,910.59 | $15,910.59 |
|  | -$3,600.00 | -$3,600.00 |  |  |

# EXHIBIT J



**Business eBanking**

# Activity - Deposit Account

Report created:        05/27/2016 11:05:54 AM (ET)

## Account Information

Account:                              Checking • Operating Account • Available $94,956.55
Available balance:        $94,956.55
Current balance:          $94,956.55
Accessible balance:      $94,956.55

## Transaction History

Date range:                5/1/2016 to 5/27/2016
Transaction types:       All transactions

| Post Date | Reference | Additional Reference | Description | Debit | Credit | Calculated Balance |
|---|---|---|---|---|---|---|
| 05/27/2016 11:05 AM (ET) | DISCOVER E- | | PREAUTHORIZED ACH DEBIT | $3,008.68 | | $94,956.55 |
| 05/26/2016 | 00000005403 | 00000005403 | CHECK PAID | $5,000.00 | | $97,965.23 |
| 05/26/2016 | 00000005398 | 00000005398 | CHECK PAID | $2,365.79 | | $102,965.23 |
| 05/26/2016 | 00000005402 | 00000005402 | CHECK PAID | $2,365.78 | | $105,331.02 |
| 05/26/2016 | 997000526075311 | | BOOK TRANSFER DEBIT | $24,489.16 | | $107,696.80 |
| 05/25/2016 | 00000005377 | 00000005377 | CHECK PAID | $2,000.00 | | $132,185.96 |
| 05/25/2016 | 00000005378 | 00000005378 | CHECK PAID | $1,919.38 | | $134,185.96 |
| 05/25/2016 | 00000005371 | 00000005371 | CHECK PAID | $1,919.38 | | $136,105.34 |
| 05/25/2016 | 00000005379 | 00000005379 | CHECK PAID | $1,600.00 | | $138,024.72 |
| 05/25/2016 | IRS          US | | PREAUTHORIZED ACH DEBIT | $1,188.62 | | $139,624.72 |
| 05/25/2016 | AUDI FINCL, INC. AU | | PREAUTHORIZED ACH DEBIT | $569.86 | | $140,813.34 |
| 05/25/2016 | 997000525074734 | | BOOK TRANSFER CREDIT | | $24,489.16 | $141,383.20 |
| 05/25/2016 | 997000525074732 | | BOOK TRANSFER CREDIT | | $24,489.16 | $116,894.04 |
| 05/24/2016 | ReadyRefresh EC | | PREAUTHORIZED ACH DEBIT | $43.54 | | $92,404.88 |
| 05/24/2016 | 997000524145135 | | BOOK TRANSFER CREDIT | | $36,061.27 | $92,448.42 |
| 05/23/2016 | 00000005376 | 00000005376 | CHECK PAID | $11,000.00 | | $56,387.15 |
| 05/23/2016 | 00000005345 | 00000005345 | CHECK PAID | $246.00 | | $67,387.15 |
| 05/23/2016 | NEW YORK LIFE IN | | PREAUTHORIZED ACH DEBIT | $27.20 | | $67,633.15 |
| 05/19/2016 | 000006967614225 | | BILL PAYMENT | $650.00 | | $67,660.35 |
| 05/18/2016 | NATIONAL GRID NY UT | | PREAUTHORIZED ACH DEBIT | $47.16 | | $68,310.35 |
| 05/18/2016 | 997000518081219 | | BOOK TRANSFER CREDIT | | $37,000.00 | $68,357.51 |
| 05/17/2016 | NEW YORK LIFE IN | | PREAUTHORIZED ACH DEBIT | $112.91 | | $31,357.51 |
| 05/17/2016 | NEW YORK LIFE IN | | PREAUTHORIZED ACH DEBIT | $52.07 | | $31,470.42 |
| 05/17/2016 | 00000005375 | 00000005375 | CHECK PAID | $80.00 | | $31,522.49 |
| 05/16/2016 | 00000005374 | 00000005374 | CHECK PAID | $5,000.00 | | $31,602.49 |
| 05/16/2016 | 00000005372 | 00000005372 | CHECK PAID | $2,400.00 | | $36,602.49 |

| Post Date | Reference | Additional Reference | Description | Debit | Credit | Calculated Balance |
|---|---|---|---|---|---|---|
| 05/16/2016 | AZ PROFESSIONAL AC | | PREAUTHORIZED ACH DEBIT | $425.00 | | $39,002.49 |
| 05/16/2016 | 00000005373 | 00000005373 | CHECK PAID | $253.00 | | $39,427.49 |
| 05/16/2016 | 997000516074747 | | BOOK TRANSFER CREDIT | | $15,000.00 | $39,680.49 |
| 05/13/2016 | | | DEPOSIT | | $224.50 | $24,680.49 |
| 05/12/2016 | 00000005369 | 00000005369 | CHECK PAID | $1,200.00 | | $24,455.99 |
| 05/12/2016 | 00000005328 | 00000005328 | CHECK PAID | $259.63 | | $25,655.99 |
| 05/11/2016 | 00000005368 | 00000005368 | CHECK PAID | $1,800.00 | | $25,915.62 |
| 05/11/2016 | IRS         US | | PREAUTHORIZED ACH DEBIT | $1,188.60 | | $27,715.62 |
| 05/11/2016 | CON ED OF NY IN | | PREAUTHORIZED ACH DEBIT | $350.23 | | $28,904.22 |
| 05/11/2016 | 00000005355 | 00000005355 | CHECK PAID | $188.70 | | $29,254.45 |
| 05/11/2016 | CON ED OF NY IN | | PREAUTHORIZED ACH DEBIT | $26.94 | | $29,443.15 |
| 05/10/2016 | Payroll      Ta | | PREAUTHORIZED ACH DEBIT | $968.31 | | $29,470.09 |
| 05/10/2016 | 00000005363 | 00000005363 | CHECK PAID | $95.00 | | $30,438.40 |
| 05/10/2016 | 997000510083044 | | BOOK TRANSFER CREDIT | | $8,000.00 | $30,533.40 |
| 05/09/2016 | 00000005359 | 00000005359 | CHECK PAID | $2,039.00 | | $22,533.40 |
| 05/09/2016 | JPMORGAN CHASE   CH | | PREAUTHORIZED ACH DEBIT | $2,000.00 | | $24,572.40 |
| 05/09/2016 | JPMORGAN CHASE   CH | | PREAUTHORIZED ACH DEBIT | $2,000.00 | | $26,572.40 |
| 05/09/2016 | NEW YORK LIFE IN | | PREAUTHORIZED ACH DEBIT | $28.86 | | $28,572.40 |
| 05/09/2016 | JPMORGAN CHASE   RE | | PREAUTHORIZED ACH CREDIT | | $2,000.00 | $28,601.26 |
| 05/09/2016 | | | DEPOSIT | | $311.25 | $26,601.26 |
| 05/06/2016 | 00000005366 | 00000005366 | CHECK PAID | $2,304.00 | | $26,290.01 |
| 05/06/2016 | 00000005351 | 00000005351 | CHECK PAID | $132.25 | | $28,594.01 |
| 05/06/2016 | 00000005362 | 00000005362 | CHECK PAID | $95.00 | | $28,726.26 |
| 05/06/2016 | 00000005361 | 00000005361 | CHECK PAID | $95.00 | | $28,821.26 |
| 05/06/2016 | 00000005364 | 00000005364 | CHECK PAID | $95.00 | | $28,916.26 |
| 05/06/2016 | 00000005329 | 00000005329 | CHECK PAID | $39.28 | | $29,011.26 |
| 05/05/2016 | 00000005353 | 00000005353 | CHECK PAID | $4,000.00 | | $29,050.54 |
| 05/05/2016 | 00000005331 | 00000005331 | CHECK PAID | $200.00 | | $33,050.54 |
| 05/05/2016 | 00000005305 | 00000005305 | CHECK PAID | $846.00 | | $33,250.54 |
| 05/04/2016 | 00000005354 | 00000005354 | CHECK PAID | $3,999.50 | | $34,096.54 |
| 05/04/2016 | 00000005350 | 00000005350 | CHECK PAID | $6,727.00 | | $38,096.04 |
| 05/04/2016 | 00000005348 | 00000005348 | CHECK PAID | $679.43 | | $44,823.04 |
| 05/04/2016 | 00000005347 | 00000005347 | CHECK PAID | $150.00 | | $45,502.47 |
| 05/04/2016 | 00000005341 | 00000005341 | CHECK PAID | $1,919.38 | | $45,652.47 |
| 05/04/2016 | 00000005365 | 00000005365 | CHECK PAID | $4,410.70 | | $47,571.85 |
| 05/03/2016 | 00000005360 | 00000005360 | CHECK PAID | $4,362.00 | | $51,982.55 |
| 05/03/2016 | 00000005358 | 00000005358 | CHECK PAID | $2,980.00 | | $56,344.55 |
| 05/03/2016 | 00000005357 | 00000005357 | CHECK PAID | $2,384.00 | | $59,324.55 |
| 05/03/2016 | 00000005356 | 00000005356 | CHECK PAID | $2,445.00 | | $61,708.55 |
| 05/03/2016 | 00000005342 | 00000005342 | CHECK PAID | $1,000.00 | | $64,153.55 |
| 05/03/2016 | 00000005332 | 00000005332 | CHECK PAID | $67.68 | | $65,153.55 |
| 05/03/2016 | 00000005327 | 00000005327 | CHECK PAID | $150.00 | | $65,221.23 |

| Post Date | Reference | Additional Reference | Description | Debit | Credit | Calculated Balance |
|---|---|---|---|---|---|---|
| 05/03/2016 | Wells Fargo Bank AC | | PREAUTHORIZED ACH DEBIT | $695.06 | | $65,371.23 |
| 05/03/2016 | AZ PROFESSIONAL AC | | PREAUTHORIZED ACH DEBIT | $125.00 | | $66,066.29 |
| 05/02/2016 | 00000005349 | 00000005349 | CHECK PAID | $38.64 | | $66,191.29 |
| 05/02/2016 | 00000005346 | 00000005346 | CHECK PAID | $95.00 | | $66,229.93 |
| 05/02/2016 | 00000005343 | 00000005343 | CHECK PAID | $45.00 | | $66,324.93 |
| 05/02/2016 | 00000005335 | 00000005335 | CHECK PAID | $1,200.00 | | $66,369.93 |
| 05/02/2016 | 00000005334 | 00000005334 | CHECK PAID | $95.00 | | $67,569.93 |
| 05/02/2016 | 00000005330 | 00000005330 | CHECK PAID | $102.73 | | $67,664.93 |
| 05/02/2016 | 00000005312 | 00000005312 | CHECK PAID | $450.00 | | $67,767.66 |
| 05/02/2016 | 00000005274 | 00000005274 | CHECK PAID | $17.38 | | $68,217.66 |
| 05/02/2016 | DISCOVER E- | | PREAUTHORIZED ACH DEBIT | $250.00 | | $68,235.04 |