UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re
**Prime Six Inc.**
1723 E 12th Street
4th Floor
Brooklyn, NY 11229
KINGS-NY
Tax ID / EIN: 27-2373853
*dba* **WOODLAND**
*dba* **Foxglove**
                    Debtor

**Case #1-15-42334-cec**

**CHAPTER 11**

**JUDGE CRAIG**

**OBJECTION TO DISCLOSURE STATEMENT**

David J. Doyaga, Esq., an attorney duly admitted to practice law in the State of New York does hereby affirm under penalty of perjury as follows:

1. That I am the attorney for Fang Realty, Inc., (the "Landlord") and am fully familiar with all the facts and circumstances herein.

2. I file this objection to the Debtor's Disclosure Statement and shows this Court as follows:

## BACKGROUND

3. On May 20, 2015, Prime Six Inc. (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code and thereafter has continued in possession of its property as Debtor-in-possession pursuant to 11 U.S.C. Sections 1107 and 1108.

4. The Debtor is in the business of a Restaurant and Bar and Grill located at 242 Flatbush Avenue, Brooklyn, New York (the "Premises"). The Debtor occupies the Premises, located at 242 Flatbush Avenue, Brooklyn, New York and at one time, before the lease expired by operation of law, the Debtor was a tenant, pursuant to a commercial lease with the Landlord dated as of April 16, 2010 (the "Lease"). At the time of the filing, the Debtor owed prepetition rental arrears totaling $182,712.92.              .

5. Since the commencement of this Chapter 11 Case, the Debtor has failed to assume the Lease or extend its time to assume the Lease .

6. Section 365(d)(4)(A) and (B) of the Code provides:

> **(4) (A)** Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the Debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
> **(i)** the date that is 120 days after the date of the order for relief; or
> **(ii)** the date of the entry of an order confirming a plan.
> **(B) (i)** The court may extend the period determined under subparagraph (A), *prior to the expiration* of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
> **(ii)** If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4)(A) and (B) (emphasis added).

7. The Debtor has not moved to assume the Lease or moved in time to extend. Therefore, since more than 120 days has passed, this lease is deemed rejected by operation of law and cannot be assumed. Nothing in the disclosure statement informs creditors, the Court or other parties in interest concerning the effect of this and that the Debtor shall not have a place for operations and will have to move. The cost of this moving is not discussed nor is there any discussion about the failure to assume the lease. Moreover the lease could not be assumed since the Debtor admits to prepetition arrears of over $180,000 and the Debtor does not have the money to cure this default.

8. Moreover the disclosure statement does not reveal that the Debtor is behind postpetition with rent and that this is an administrative claim which it also does not have the monies to pay. The disclosure statement makes no reference or disclosure concerning the state of affairs involving the lease of the Debtor's current premises.

WHEREFORE, the Landlord prays that this Court not approve the current disclosure statement without the disclosures concerning the default under the lease and the failure to timely

assume which make the lease deemed rejected.

Dated:   Brooklyn, New York
         August 10, 2016

                                          S/David J. Doyaga.
                                         David J. Doyaga, Attorney for the Landlord
                                         26 Court Street, Suite 1002
                                         Brooklyn, New York 11242
                                         (718) 488-7500